## MAXWELL v. MAXWELL.

Ohio Appeals, 8th Dist., Cuyahoga Co.

Nos. 9386 and 9316   Decided Oct. 8,, 1928..

David B. Love, Fremont, and Smith, Olds, Smith & Shepherd, Cleveland, for plaintiff in error.

John A. Elden, Cleveland, for defendant in error.

LEVINE, J.

There is creditable evidence in the record tending to show the plaintiff in error earned on an average of $600.00 per month. Upon a full hearing of all the evidence, pro and con, the court allowed the application of defendant in error for temporary alimony and granted her $100.00 per month during the pendency of the suit. Later plaintiff in error was cited to answer to a charge of contempt of court for non-compliance with the court's order. Again evidence was heard on both sides and at the conclusion of the evidence, the court committed plaintiff in error to the county jail for contempt of court.

Considerable discussion is devoted in brief of counsel on the right of plaintiff in error to have these cases reviewed and it is contended by defendant in error's counsel that the Court of Appeals has no jurisdiction to consider on review an allowance for alimony pendente lite made by the court of Common Pleas. Plantiff in error's counsel cites the court to the case of **Weeden vs Weeden, 116 O. S. 524.**

An examination of that case however, discloses that in that action there was a final divorce decree by the Common Pleas Court and not an application for alimony pendente lite.

The matter was fully gone into by the trial court and apparently the judge who had all the witnesses before him, saw fit to believe the version of Mrs. Maxwell in preference to the version of Mr. Maxwell, and made his ruling accordingly. We would not be justified upon the state of the record, in disturbing the judgment of the common pleas court and the same is therefore affirmed in both cases.

Sullivan, P. J. and Vickery, J. concur.