**BRADY, Plaintiff-Appellee, v. BRADY, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 3944—Decided September 19, 1946.

Joseph E. Bowman, Columbus, for Plaintiff-Appellee.
Gertner & Armstrong, Columbus, for Defendant-Appellant.

## OPINION

By THE COURT:

Submitted on motion of Elizabeth A. Brady, plaintiff-appellee, to dismiss the appeal on the ground that the order from which said appeal is sought is not a final order. The order referred to is one overruling a motion to vacate and set aside an order allowing temporary alimony and expense money to the plaintiff. The order, further finds the defendant guilty of contempt of court and orders him to pay the sum of $125.00 within three days or stand committed to the county jail.

The notice of appeal is directed to the judgment of guilt of contempt of court which is a final order and which will require review. The order overruling the motion to vacate the temporary alimony is not a final order which is subject to review by this Court. The authorities are well settled that an order allowing alimony pendente lite is appealable. See **King v. King, 38 Oh St 170; Ruthrauff v. Ruthrauff, 15 Abs 214;** Thomas v. Thomas, 18 O. C. C. (N. S.), 368. However, the notice of appeal is not directed to such an order. It is directed to an order overruling a motion to vacate an order allowing temporary alimony. This motion does not allege any change in conditions arising since the allowance of the order. The motion is in the following language:

"Now comes the defendant and moves the Court to vacate, set aside and hold for naught the order heretofore en-

tered in this case allowing temporary alimony and expense money to the plaintiff."

With this motion the defendant filed copies of court records showing that the plaintiff was married at the time of the alleged marriage to the defendant. These conditions all existed at the time the Court passed upon the original motion granting the award and from such ruling an appeal would lie. The motion to dismiss the appeal is overruled as to the contempt order and sustained as to the ruling on the motion to vacate.

Considering next the assignment of errors, the Court can consider only. the assignment that the Court erred in finding the defendant-appellant guilty of contempt of court.

No bill of exceptions is submitted, so the question before us is whether or not the finding was based upon a valid order. The right of a wife to temporary alimony rests largely in the discretion of the trial court. It is necessary in order for the Court to make such allowance that the applicant make a prima facie showing of the grounds relied upon to justify the allowance. Such a showing was made to the Court, the entry filed June 20, 1946, reading as follows:

"This day this cause came on to be heard on plaintiff's motion for temporary alimony, upon consideration whereof the Court finds said motion well taken and hereby sustains the same. * * *."

This was a valid order and the proper basis for the order finding the defendant guilty of contempt of Court.

We find no error in the record and the judgment is affirmed.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.