**FIELDS, Plaintiff-Appellant, v. FIELDS et al, Defendants-Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21768.   Decided April 20, 1950.

M. H. Dixon, Cleveland, for plaintiff-appellant.
Irwin Greene, Cleveland, for defendant-appellee.

(ROSS, PJ, HILDEBRANT and MATTHEWS, JJ, of the First District sitting by designating in the Eighth Appellate District.)

**OPINION**

By ROSS, PJ.

An appeal upon questions of law and fact was originally filed from an order of the Court of Common Pleas of Cuyahoga County fixing alimony pendente lite. This appeal was reduced to an appeal upon questions of law.

An examination of the record is conclusive in showing that there was no abuse of discretion by the trial court in making the order from which such appeal was taken. This court has been informed that a motion to dismiss the latter appeal on the ground that no final order or judgment is involved was passed upon by the Court of Appeals of the Eighth District and the motion overruled. Such motion was not renewed before this Court. However, if this Court has no jurisdiction to entertain such an appeal, it becomes the duty of this Court sua sponte, to dismiss such an appeal.

It is the conclusion of this Court that it has no such jurisdiction for the reason that no final order or judgment was entered or rendered in the trial court. Jurisdiction on appeal may not be conferred by consent or waiver. The appeal upon questions of law must, therefore, be dismissed.

It is recognized in so holding that its conclusion is in conflict with the judgment of the Court of Appeals of the 9th District in the case of **Taylor v. Taylor, 74 Oh Ap 191,** and with the action of the Court of Appeals of the 8th District in the instant case, and this case will therefore be certified to the

Supreme Court for such conflict. This Court reaches its conclusions for the following reasons:

An Act, being "An Act Concerning Divorce and Alimony" passed March 6, 1840, Chap. 305, Revised Statutes of Ohio, (1853) Curwen Vol. p. 602 was repealed March 11, 1853 and new provision made for this action. (Revised Statutes of Ohio, 1854, Curwen, Vol. 3 p. 2167, designated Chapter 1252.)

Under the former Act, jurisdiction was placed in the Supreme Court, in the latter in the Courts of Common Pleas.

In Curwen's Revised Statutes of Ohio Vol. 3 page 1938 (1854) will be found an Act of the General Assembly passed March 11, 1853. This Act is entitled "An Act to Establish a Code of Civil Procedure." Section 604 of this Act (page 2036 Curwen's Revised Stat. Vol. 3) entitled "Code Not to Control Special Proceedings" provides that

"Until the legislature shall otherwise provide this Code shall not affect proceedings on Habeas Corpus, Quo Warranto or to assess damages for private property taken for public uses; nor proceedings under the statutes for the settlement of estates of deceased persons; nor proceedings under statutes relating to dower, **divorce or alimony,** or to set aside a will; nor proceedings under statutes relating to apprentices, arbitration, bastardy, insolvent debtors; nor any special statutory remedy not heretofore obtained by action; but such proceedings may be prosecuted under the Code, whenever it is applicable." (Emphasis ours.)

Going back to Section 3 of this same Act (page 1939—Curwen's Revised Statutes—Vol. 3, 1854) we find "Forms Abolished. The Distinction between actions at law and suits in equity, and the forms of all such actions and suits, heretofore existing, are abolished; and in their place there shall be hereafter but one form of action which shall be called a civil action."

Sec. 512 of this same Act (page 2021 Id) is:

"Final Order Defined. An order affecting a substantial right in an action when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment is a final order which may be vacated, modified or reversed as provided in this title."

It is clear, therefore, that under the Code so in effect in 1854, an action for divorce or alimony or both would have been considered special proceedings and an order made therein affecting a substantial right, such as an order for alimony pendente lite would have been a final order under Section 512, supra.

This Code of Civil Procedure took effect by its terms July 1, 1853. (Sec. 614 page 2040 Id.)

In Swan & Critchfield Statutes (1868) we still find the provision that the general provisions of the Code are not applicable to certain special proceedings, including divorce and alimony, until the legislature shall provide otherwise. (Swan & Critchfield Statutes 1868 Vol. II page 1131. Sec. 604)

It would seem that the view that actions for divorce and alimony were special proceedings under the Code of Civil Procedure of 1853 is sustained by **Ex Parte James Collier, 6 Oh St 55, 60.**

In 1878, the General Assembly passed an Act:

"To revise and consolidate the laws relating to civil procedure in courts of common pleas and superior courts, in district courts on appeal and also the laws relating to procedure in error, mandamus and quo warranto."

This Act was Senate Bill No. 115, and will be found in **Vol. 75 Laws of Ohio,** beginning at page 597. Title I of the Act bore the heading: "Procedure in the Courts of Common Pleas and Superior Courts and in District Courts of Appeal." The heading also carried designation of the following divisions:

"Heading Division I.   General and Preliminary Provisions.
  "      Division II.   Commencement of Actions—Jurisdiction Issue.
  "      Division III.  Trial.
  "      Division IV.   Judgment.
  "      Division V.    Enforcement of Judgment.
  "      Division VI.   Provisional Remedies.
  "      Division VII.  Special Proceedings.
  "      Division VIII. Repeals."

Turning to the Heading Division VII, at page 726, Vol. 75 Laws of Ohio, under the title "Special Proceedings" the following Chapters appear (page 726 Id).

"Chapter 1.  Amercement.
Chapter 2.  Appropriation of Property.
Chapter 3.  Arbitration.
Chapter 4.  Bastardy.
Chapter 5.  Contempts of Court.
Chapter 6.  Divorce and Alimony.
Chapter 7.  Dower.
Chapter 8.  Habeas Corpus.
Heading Chapter 9. Partition.
"        Chapter 10.  Real Actions.
"        Chapter 11.  Replevin.
"        Chapter 12.  Sureties—Rights and Remedies of.
"        Chapter 13.  Taxes and Assessments—Relief against
                      illegal.
"        Chapter 14.  To Change Name.
"        Chapter 15.  To Contest Will.
"        Chapter 16.  To Cure Certain Defects, Errors and
                      Omissions.
"        Chapter 17.  To Perpetuate Testimony.
"        Chapter 18.  Water-Craft.
"        Chapter 19.  Wreck-Masters."

Now it appears from such category of actions that many other civil actions, in addition to action for divorce and alimony, now clearly recognized as not properly falling within the designation of "Special Proceedings" are included in this list such as "Partition" and "Replevin."

This Act was incorporated in the Revised Statutes of Ohio (1879) as Sections 4947 et seq.

Revised Statutes, Section 6707 is the same as Section 512 Curwen's Statutes 1854 (supra) and Divorce and Alimony are carried under Title I, Division 7 as Special Proceedings. Section 5689 et seq.

In an Act passed by the General Assembly, February 14, 1910, the First General Code of Ohio came into existence. By such codification an entirely different classification of actions and proceedings was adopted. By reference to the Titles of Part Third (the same as now in force) it will be found that under "Title IV—Procedure in the Common Pleas Court" that Division II covers "Civil Actions;" that Division VII covers "Special Actions;" and Division IX covers "Special Proceedings" and that under "Division VII—Special Actions" Chapter III is devoted to "Divorce and Alimony" commencing with Section 11979. Under "Division II—Civil Actions" it is provided that—

"An Action is an ordinary proceeding in a court of justice involving process, pleadings and ending in a judgment or decree by which a party prosecutes another for the redress of a legal wrong, enforcement of a legal right or the punishment of a public offense."

This definition obviously includes both civil and criminal actions and prosecutions.

Under this Division appear: Chapter 1, dealing with the "Form of Action;" Chapter 2, dealing with "Parties to Actions;" Chapter 3 providing where the action shall be brought; Chapter 4, covering the "commencement of the action" and Chapter 5, relating to "Pleadings."

Although Division VII, Chapter 3, dealing with Divorce and Alimony, has many separate provisions as to pleading, process and parties, on the other hand many provisions of Division II, Civil Actions are directly applicable to actions of Divorce and Alimony as for instance, service upon the defendant when a minor, §11291 GC; the provisions for service by publication, §§11984-11292 GC; provisions as to Lis Pendens, §§11300, 11301 GC; provisions as to "Pleadings" §11302 et seq GC; the provisions as to "Trial," §11376 et seq GC; provisions as to dismissal of an action; §§11247, 11249, 11250, 11252, 11322 GC, dealing with minors as parties.

Sec. 11586 GC was applied in **Caprita v. Caprita, 145 Oh St 5, 10,** where **Smith v. Smith, 103 Oh St 391,** is cited to the same effect in an action for divorce.

In **Weeden v. Weeden, 116 Oh St 524,** the Supreme Court applied the law in a divorce and alimony action applicable to ordinary actions. On page 528 of the opinion it is stated:

"That certain special statutory provisions do govern in divorce cases alone is an elementary proposition of law, and also it is elementary that matrimonial actions are neither in a precise sense actions at law nor suits in equity, but are statutory actions in which both jurisdiction and practice depend on the statute. However, it is the general rule that where the statute is silent, practice usually follows the rule in equity (19 Corpus Juris 22, Sec. 23), under which rule the contention of plaintiff in error would be overruled. Since the enactment of **Article IV, Sec. 6 of the Constitution,** in its present form, and since the interpretation of that article by this court in various adjudications relating to divorce actions we feel that the specific question here presented is no longer open, and that we are not compelled to resort to the rules of general divorce practice in other states

to sustain our position. Plaintiff in error's entire contention falls because judicial decisions do exist providing procedure for the review of a divorce case."

It seems apparent therefore that the legislature although recognizing that certain causes had certain peculiar features requiring allocation under the title "Special Actions" that still such causes were considered to be what is generally denominated as an **action** which is the term used in §12223-2 **GC.** It is also apparent that the legislature definitely removed the actions of "Divorce and Alimony" from the limitations found in the earlier statutes applicable to such actions, and designedly removed them from the classification of special proceedings, as formerly covered. It is also to be here noted that such change had occurred before the adoption of the 1912 Amendment to **Art. IV, Section 6 of the Ohio Constitution** which became effective the 18th day of January, 1913. Hence, it must be presumed that the framers of the 1912 Amendment of **Art. IV. Sec. 6 of the Ohio Constitution** in using the term "judgments" therein must have had before them the changes in the allocation of actions for Divorce and Alimony from the category of "Special Proceedings" to "Special **Actions.**"

In **Chandler & Taylor Co. v. Southern Pacific Co. 104 Oh St 188**, the Supreme Court in the first paragraph of the syllabus stated:

"The term (judgment) comprehends all decrees and final orders rendered by a court of competent jurisdiction and **which determine the rights of parties affected thereby.**" (Emphasis ours.)

It must be apparent that an order for temporary alimony or alimony pendente lite does not determine the rights of the parties to the action. Such order is subject to modification at any time and, as indicated by its nature, is inherently temporary and of a wholly provisional nature. If in the absence of an abuse of discretion, courts entertaining actions for divorce and alimony, either or both, were to be faced with appeals upon questions of law when such orders were made, the beneficial results following the provision for such relief would be greatly limited.

The identical question is considered in 2 **O. Jur. "Appellate Review" (Pt. 1) Section 116 page 237,** where it is stated that an order pendente lite **has been held** to be a final order. The only decision cited is that of **King v. King, 38 Oh St 370,** decided in 1882, when, as pointed out hereinbefore, the law definitely

placed this action as a "Special Proceeding" referring to 75 Ohio Laws 749, supra.

In **Ruthrauff v. Ruthrauff, 15 Oh Ap 214,** it is stated in the opinion at page 217:

"It is admitted that the allowance of temporary alimony is a final order which may be reviewed on error."

Citing: **Reed v. Reed, 17 Oh St 563,** and **King v. King, 38 Oh St 370,** which cases were predicated upon the then existant law definitely classifying "Divorce and Alimony" as Special Proceedings.

In **Taylor v. Taylor, 74 Oh Ap 191,** the Court cites no supporting authorities for its conclusions.

In **Maxwell v. Maxwell, 7 Abs 7,** apparently the appeal was from a judgment in contempt as well as from an order for alimony pendente lite. In any event, no authority is cited in support of the contention that such an order is sufficient to support an appeal on questions of law. The only case cited in the opinion is **Weeden v. Weeden, 116 Oh St 524,** supra, is authority for placing an action for divorce and alimony in the category of ordinary actions.

In **Brady v. Brady, 47 Abs 73,** the Court again relying on the early Ohio cases takes for granted that an order allowing alimony pendente lite is a final order, and cites also **Ruthrauff v. Ruthrauff, 15 Abs 214,** considered supra, and Thomas v. Thomas, 18 O. C. C. (n. s.) 368, in which the Court cited no authority for its conclusion sustaining an appeal from an order pendente lite.

The case of **Smith v. Smith, 25 Oh Ap 321,** a Nisi Prius decision is not helpful. It presents an embarrassing situation in that apparently from the statement in the opinion this Court sustained an appeal on questions of law and affirmed an order for alimony pendente lite. It is gratifying to remember that the refusal by the Supreme Court of a motion to certify in this case is not conclusive as to their opinion upon the subject of the motion.

In the case of Book v. Book, 59 Wyoming 429 and reported with an elaborate footnote in 167 A. L. R. 352, the Supreme Court of Wyoming had before it the identical question (among others) herein presented. It appears that the Wyoming statute defining a final order is pro tanto identical with our own, §12223-2 GC. That court held a divorce and alimony action was not a special proceeding.

This Court takes note of **King v. King, 38 Oh St 370** at page 357 (A. L. R.) of the opinion, and that that case was predicated upon the provisions of the Ohio Act in **75 Ohio Laws 726.**

Apparently the change made in 1910 by our General Assembly was not brought to the attention of the Wymong Court. That Court also notes the case of **Reed v. Reed, 17 Oh St 563 (564)** which merely places the action of alimony by reason of the early law as a special proceeding not amenable to general law by virtue of the excluding statute hereinbefore set out.

This Court is in full agreement with the conclusions of the Supreme Court of Wymong in construing the law now similar to our own. In the note the cases pro and con upon this question are collected.

This Court considers this question of sufficient importance to justify consideration by the Supreme Court and advances this reason for what is possibly an over-extended opinion.

An entry may be presented dismissing the appeal on questions of law and providing for certification because of conflict as hereinbefore noted.

ROSS, PJ, HILDEBRANT, MATTHEWS, JJ, concur in syllabus, opinion and judgment.