CITY OF COLUMBUS, APPELLANT, *v.* YOUNGQUIST, APPELLEE.

[Cite as Columbus v. Youngquist (1972),
33 Ohio App. 2d 317.]

(No. 72AP-323—Decided December 19, 1972.)

*Mr. James J. Hughes, Jr.,* city attorney, *Mr. Robert A. Bell* and *Mr. John L. Francis,* for appellant.
*Means, Bichimer & Burkholder Co., L. P. A.,* and *Mr. Nicholas A. Pittner,* for appellee.

*Per Curiam.* This matter is before the court upon the application of plaintiff for leave to appeal, the motion of defendant for leave to intervene, and the motion of plaintiff for leave to file its brief on the merits.

The action was commenced in the Franklin County Municipal Court by the filing of affidavits charging defendant with violations of Section 3241.04, Columbus City Code. Defendant filed a motion to dismiss the affidavits

filed against him and it was sustained by the trial court on September 6, 1972. Plaintiff filed a notice of appeal to this court on October 2, 1972. At the same time, plaintiff also filed a notice of intent to seek leave to file a bill of exceptions in this court pursuant to R. C. 2945.68. On October 5, 1972, plaintiff filed such an application in this court.

Defendant contends that the plaintiff has no right of appeal since the prosecution in a criminal case may appeal only where the judgment of the trial court decides a motion to quash, a plea in abatement, a demurrer, or a motion in arrest of judgment. This is the essential effect of the holdings in *Euclid* v. *Heaton* (1968), 15 Ohio St. 2d 65, and *State* v. *Collins* (1970), 24 Ohio St. 2d 107.

However, the 4th paragraph of the syllabus in *Heaton* also refers to "the equivalent thereof," which phrase does not appear in R. C. 2945.70. In *Collins* the opinion indicates that such language in the syllabus of *Heaton* does not "expand the scope of prosecution appeals beyond the four categories enumerated in R. C. 2945.70."

Reference to R. C. 2937.04 gives meaning to the phrase "or the equivalent thereof" used in the *Heaton* syllabus. That statute provides that a defendant in a misdeameanor case prosecuted by affidavit "may then raise, by motion to dismiss the affidavit or complaint, any exception thereto which could be asserted against an indictment or information by motion to quash, plea in abatement, or demurrer." Thus, a motion to dismiss in a misdemeanor case prosecuted by affidavit is, by statute, made the equivalent of a motion to quash, a plea in abatement, or a demurrer within the contemplation of R. C. 2945.70 and the fourth paragraph of the syllabus of *Heaton*. It was so held in *State* v. *Seta* (1968), 16 Ohio App. 2d 97. The first paragraph of the syllabus of that case states:

"A motion to dismiss an affidavit is the equivalent of a motion to quash, a plea in abatement or a demurrer and comes within the exception reserved by *Euclid* v. *Heaton,* 15 Ohio St. 2d 65."

The judgment sought to be appealed from is a final order as defined by R. C. 2505.02 since it determines the

action and prevents a judgment in favor of plaintiff by dismissing the action.

R. C. 2505.03 provides that "Every final order, judgment, or decree of a court * * * may be reviewed as provided in sections 2505.04 to 2505.45, inclusive, of the Revised Code, unless otherwise provided by law * * *." Since R. C. 2945.70 is consistent with the judgment here being reviewed on appeal, it is not otherwise provided by law. Cf. *State* v. *Collins* (1970), 24 Ohio St. 2d 107.

In *Toledo* v. *Crews* (1963), 174 Ohio St. 253, it was held that "there is no right of appeal in a criminal case involving a charge of violation of a municipal ordinance except from a judgment of conviction." That holding was predicated upon R. C. 1901.30 which, as it then read, did not provide for such an appeal pursuant to R. C. 2945.65 to 2945.70. Since the *Crews* decision, R. C. 1901.30 has been amended to specifically provide for appeals pursuant to R. C. 2945.65 to 2945.70. Accordingly, the *Crews* case is no longer controlling.

The procedural issue presented is whether plaintiff need seek leave from this court to prosecute this appeal. The new Ohio Rules of Appellate Procedure generally provide the procedure to be followed in appeals to this court and take precedence over all statutes inconsistent therewith. Section 5 (B), Article IV, Constitution. The issue is whether R. C. 2945.68, requiring permission of this court to prosecute the appeal, is inconsistent with the appellate rules.

App. R. 1 provides, in part: "These rules govern procedure in appeals to courts of appeals from the trial courts of record in Ohio." App. R. 4 (B) provides, in part: "In an appeal by the prosecution, the notice of appeal shall be filed in the trial court within thirty days of the date of the entry of the judgment or order appealed from * * *." App. R. 3 (A) provides, in part: "An appeal as of right shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by Rule 4. * * * Appeals by leave of court shall be taken in the manner prescribed by Rule 5." App. R. 5 clearly provides

320

that leave for appeal is required only "after the expiration of the thirty day period provided by Rule 4 (B) for the filing of a notice of appeal."

We accordingly find that the provisions of R. C. 2945.68 to 2945.70 requiring permission from this court are procedural in nature, and are inconsistent with, and therefore superseded by, the appellate rules. Plaintiff did not need to seek permission to prosecute its appeal.

Since defendant under the appellate rules is clearly the appellee and entitled to defend the appeal, there is no need for him to seek leave to intervene, which might be required by R. C. 2945.69. However, to remove any possible doubt, the motion will be sustained.

Under the circumstances, plaintiff's motion for leave to file its assignments of error and brief will be sustained.

Accordingly, plaintiff's application for leave to file a bill of exceptions, being unnecessary, is overruled. Defendant's motion to become a party appellee, although unnecessary, is sustained to avoid any confusion. Plaintiff's motion for time to file its brief on the merits is sustained, and plaintiff is granted leave to file its assignments of error and brief within twenty days.

*Orders accordingly.*

TROOP, P. J., STRAUSBAUGH and WHITESIDE, JJ., concur.