THE STATE OF OHIO, APPELLANT, v. BROWN, APPELLEE.

[Cite as State v. Brown (1975), 45 Ohio App. 2d 76.]

(No. C-74256—Decided July 21, 1975.)

*Mr. Allen Brown* and *Mr. Paul M. Hunter*, for appellee.

*Mr. Bruce Stuart Garry*, for appellant.

COOK, P. J. This is an appeal by the state of Ohio from the granting of defendant's motion to suppress evidence. The sole issue in this appeal is whether a warrantless search by the police of a suitcase, first observed in the possession of the defendant but later disowned by him, was a proper search of an abandoned suitcase for which no warrant was required.

On November 23, 1973, at approximately 9 p. m., two officers of the Cincinnati Police Department were patrolling near Harrison Avenue in the city of Cincinnati when they received a radio report of an attempted burglary several blocks away on Harrison Avenue. As the officers approached the 2600 block of Harrison Avenue, the defendant was seen walking from an apartment building with a black

suitcase in his hand. He entered a van and proceeded north on Harrison Avenue and, after a U-turn, parked at 2626 Harrison Avenue.

The officers parked their vehicle and approached the defendant. They asked him for identification which he produced and he was questioned by the officers as to his reason for being in the area. The defendant told the officers he was looking for an apartment where he would deliver the suitcase to a friend. He claimed he had obtained the suitcase from a friend whom he named. He denied knowledge of what was in the suitcase. When asked for identification, the defendant placed the suitcase on the ground at his side.

The police took the defendant into custody and asked him to go to the van. When he left the suitcase where he had placed it on the ground, the officers directed him to return and pick up the bag. The defendant refused, stating that it was not his suitcase and he didn't know about it or want anything to do with it.

One of the officers returned to the bag and picked it up and carried it to the van. From that point on, the bag remained in the possession of the police. The defendant was placed under arrest for failure to show evidence of ownership of the van and taken to the police station.

The suitcase was forced open by the police outside the presence of the defendant, without his consent and without a warrant. The defendant moved to suppress the contents of the bag after he had been charged with the possession of an hallucinogen for sale and the motion was granted. It is from this judgment of the trial court that the state has appealed to this court.

A warrant is not required to search abandoned property. *Abel* v. *United States*, 362 U. S. 217. In the *Abel* case, the court stated:

"Nor was it unlawful to seize the entire contents of the wastepaper basket, even though some of its contents had no connection with crime. So far as the record shows, petitioner had abandoned these articles. He had thrown them away. So far as he was concerned they were *bona vacantia*. There can be nothing unlawful in the Government's

appropriation of such abandoned property." *Id.* at 241. (Emphasis added.)

It appears clear from the cases on the subject of abandonment that the question of whether property has been abandoned along with any constitutional interest in the right to privacy or security of a property interest is a factual one. The trial court must weigh the facts and circumstances to determine if in fact the property and constitutional interest therein have been, in fact, abandoned.

In the instant case, the defendant placed the suitcase on the ground at his side to produce identification upon the request of the police officers. When he left the immediate area of the suitcase, he refused to return and get it when directed to do so by the police officers, stating that "it was not his bag; he didn't know anything about it; he didn't want nothing to do with it." Later at the police station, he stated "it wasn't his case, he knew nothing about it; he didn't have a key for it."

The facts in the instant case are similar to the facts in *United States* v. *Colbert* (C. A. 5), 474 F. 2d 174, where the court found the abandonment of certain briefcases. In *Colbert,* the defendants were walking down a street carrying briefcases. They were stopped by police officers for questioning. As the police officers approached, the defendants set the briefcases on the sidewalk. Upon being asked about the contents of the briefcases, the defendants replied that they did not have to show the officers anything and denied that they owned the briefcases or had any knowledge of them.

After being frisked by the officers, the defendants began to walk away from the officers leaving the briefcases on the sidewalk. The police stopped them again and arrested them for failure to have in their possession selective service registration certificates as required by federal law. The defendants were placed in a patrol car and again denied knowing anything about the briefcases.

An officer returned to the suitcases, opened them, and discovered a pair of sawed-off shotguns, which was the basis of the subsequent charge and convictions.

In deciding the issue of abandonment, and, subsequent-

ly, the standing of defendant *Colbert* to attack the search, the court said at page 177:

"The facts of this case show conclusively that Colbert and Reese abandoned their briefcases before the searches took place. In response to police questions they both disclaimed any interest in the briefcases and began to walk away from them. The police officers in no way compelled these actions."

In both the *Colbert* case and the instant case, the physical act of setting the suitcase or briefcases down, the verbal disclaimers, and the act of walking away from the cases constituted conclusive evidence of the intent to abandon. It is true that in the instant case the defendant put the bag down to secure identification for the police officers, but this slight variation in the facts of the two cases does not vary the conclusion, under the totality of the facts in each case, that both Colbert and Brown intended to abandon the cases which at one time were in their possession.

Accordingly, we believe the trial court erred in granting defendant's motion to suppress the evidence found in the suitcase since the evidence before the trial court indicated defendant abandoned any possessory right he had in the suitcase and therefore had no standing to question the legality of the warrantless search. The judgment is reversed and the cause is remanded for further proceedings according to law.

*Judgment reversed.*

WHITESIDE and BUZZARD, JJ., concur.

COOK, J., of the Eleventh Appellate District, and WHITESIDE, J., of the Tenth Appellate District, sitting by designation in the First Appellate District. BUZZARD, J., retired, of the Court of Common Pleas of Columbiana County, assigned to active duty under authority of Section 6(C), Article IV, Constitution, in the First Appellate District.

WHITESIDE, J., concurring. Although I concur in the judgment, I feel that there is a jurisdictional issue which this court should consider and dispose of, sua sponte, before a consideration of the merits of the appeal is proper. The

prosecuting attorney appeals from the sustaining of a motion to suppress certain evidence and filed the requisite certificate required by Crim. R. 12(J). However, the prosecuting attorney did not first seek leave of this court, pursuant to R. C. 2945.68, to prosecute the appeal, which is a jurisdictional prerequisite.

Crim. R. 12(J) expressly provides that the prosecution has an appeal as of right from the granting of a motion to suppress evidence, stating:

"The state may take an appeal as of right from the granting of a motion * * * to suppress evidence if, in addition to filing a notice of appeal, the prosecuting attorney certifies that: (1) the appeal is not taken for the purpose of delay; and (2) the granting of the motion has rendered the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed. * * *"

In *State* v. *Hughes* (1975), 41 Ohio St. 2d 208, the Supreme Court held that App. R. 4(B) (which, unlike Crim. R. 12[J], does not expressly purport to confer an appeal as of right upon the state in a criminal case) is invalid insofar as it "enlarges the statutory right of appeal provided by R. C. 2945.67 through 2945.70 and abridges the right of appellate courts to exercise their discretion in allowing appeals provided by these same sections." *Cf. Columbus* v. *Youngquist* (1972), 33 Ohio App. 2d 317, superceded in part by *Hughes*.

In *State* v. *Collins* (1970), 24 Ohio St. 2d 107, the Supreme Court held:

"The state may not prosecute an appeal in a criminal case from an order sustaining a pre-trial motion to suppress evidence." (Syllabus.)

In both *Collins* and *Hughes*, it is stated that the state has no right of appeal in a criminal case unless conferred by statute consistent with constitutional requisites as stated in *Euclid* v. *Heaton* (1968), 15 Ohio St. 2d 65. Effective March 23, 1973 (a few months before the criminal rules took effect on July 1, 1973), the General Assembly amended R. C. 2945.70 to provide for an appeal by the state from a ruling on a motion to suppress, so that that section now provides:

"If the court of appeals or the supreme court is of the opinion that the questions presented by a bill of exceptions should be decided, it shall allow the bill of exceptions to be filed and render a decision thereon. This decision shall not affect the judgment of the trial court in said cause, nor shall said judgment of the trial court be reversed, unless the judgment of the court of appeals or the supreme court reverses the judgment of the trial court on its ruling on a motion to quash, a plea in abatement, a demurrer, *a motion to suppress evidence*, or a motion in arrest of judgment. In all other cases the decision of the court of appeals or the supreme court shall determine the law to govern in a similar case." (Emphasis added.)

In *Hughes*, it is stated, at page 210-211:

"The effect of R. C. 2945.67 through 2945.70 is to grant jurisdiction to appellate courts to hear appeals by the prosecution in criminal cases and to create a *substantive* right in the prosecution to bring such appeals in the instances permitted by R. C. 2945.70 and the decisions interpreting that section.

"Moreover, the right created and the jurisdiction granted by R. C. 2945.67 through 2945.70 is limited. Those sections, as well as specifying the procedure to be followed in bringing an appeal, also limit the right of appeal by granting appellate courts discretion as to which cases will be allowed for review.

"App. R. 4(B), in providing an appeal as of right by the prosecution, enlarges the statutory right of appeal provided by R. C. 2945.67 through 2945.70 and abridges the right of appellate courts to exercise their discretion in allowing such appeals.

"App. R. 4(B) is in conflict with a *substantive* statutory provision and must yield to it. The Court of Appeals was correct in dismissing the appeal by reason of the failure of appellant to file a bill of exceptions pursuant to R. C. 2945.68. * * *"

Similarly, Crim. R. 12(J), in providing an appeal as of right by the prosecution from the granting of a motion to suppress evidence, enlarges the statutory right of appeal provided by R. C. 2945.67 through 2945.70 and abridges the right of appellate courts to exercise their discretion in

allowing such appeals. Crim. R. 12(J) is in conflict with a substantive statutory provision and must yield to it.

However, this conclusion does not require a dismissal of this appeal. Rather, *Hughes* holds that this court has discretion as to whether to allow the instant appeal. While we may exercise that discretion by dismissing this appeal, we are not compelled to do so.

R. C. 2945.67 through 2945.70 provides no time limitation within which the prosecuting attorney must present his bill of exceptions[1] and seek from this court allowance of the appeal. On the other hand, Crim. R. 12(J) provides:

"Such appeal shall not be *allowed* unless the notice of appeal and the certification by the prosecuting attorney are filed with the clerk of the trial court within seven days after the date of the entry of the judgment or order granting the motion. * * *" (Emphasis added.)

The prosecuting attorney has complied with the time limitation thereof. He has also presented a transcript of proceedings, the equivalent, under the appellate rules, to a bill of exceptions. While the prosecuting attorney has not expressly sought leave from this court to allow this appeal, he most certainly has brought the matter to the attention of the court that he wishes to appeal. Note that App. R. 3(A) provides: "Appeals by leave of court shall be taken in the manner prescribed by Rule 5." App. R. 5(A), however, is so phrased as to contemplate primarily delayed appeals by defendants in criminal cases rather than appeals by the prosecution.

Under the circumstances herein, I would consider the actions taken by the prosecuting attorney sufficient to constitute an application, pursuant to R. C. 2945.67, for the allowance of this appeal. Exercising the discretion vested in this court by R. C. 2945.68 through 2945.70, I would allow this appeal by the prosecuting attorney, and, since all briefs have been filed and oral argument made, I would proceed with the consideration of the merits of the appeal and concur in the majority opinion with respect thereto.

---

[1] The *Hughes* case leaves it unclear as to whether App. R. 9(A), providing for a transcript of proceedings rather than a bill of exceptions, is applicable.