**The STATE of Ohio, Appellant,**

**v.**

**BAILEY, Appellee.**

[Cite as *State v. Bailey* (1991), 77 Ohio App.3d 742.]

Court of Appeals of Ohio,
Hamilton County.

No. C–900719.

Decided Oct. 16, 1991.

*Arthur M. Ney, Jr.,* Prosecuting Attorney, and *William E. Breyer,* for appellant.

*Schuh & Goldberg* and *Richard J. Goldberg,* for appellee.

*Per Curiam.*

This cause came on to be heard upon the appeal, the transcript of the docket, journal entries and original papers from the Hamilton County Court of Common Pleas, the transcript of the proceedings, the briefs and the oral arguments of counsel. We have *sua sponte* removed this case from the accelerated calendar.

Plaintiff-appellant, the state of Ohio, appeals from the granting of a suppression motion made in connection with defendant-appellee Charles Bailey's arrest for trafficking and drug abuse.

On February 2, 1990, several Cincinnati police officers entered the Avalon Bar to conduct a liquor-permit inspection.  Upon entering, Police Officer Rick Malone noticed Bailey standing at the end of the bar and saw him drop an object onto the floor.  Malone approached Bailey, picked up the object, which was a change purse, and, without examining it, handed the purse to Police Officer Daniel Nickum.  As Nickum received the change purse, he observed that it was bulging open with packets containing a white substance later identified as cocaine.  Bailey was charged with trafficking and drug abuse.  Bailey filed a motion to suppress the contraband's use as evidence at trial, and, following a hearing on the matter, the motion was granted.

The state's sole assignment of error attacks the granting of the suppression motion.  The state argues that Bailey abandoned the change purse and therefore did not have standing to advance a Fourth Amendment objection to the item's seizure.  The state also contends that Officer Malone's seizure of the change purse was justifiable as "a protective action pursuant to the [*Terry*] doctrine."

■ It is rudimentary that one does not have standing to object to a search and/or seizure of property that has been voluntarily abandoned.  *Abel v. United States* (1960), 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668.  The question of whether property has been abandoned is a factual one.  *State v. Brown* (1975), 45 Ohio App.2d 76, 74 O.O.2d 105, 341 N.E.2d 325.  The trial court must weigh the facts and circumstances to determine if in fact the property and constitutional interest therein have been abandoned.  *Id.*

In *State v. Freeman* (1980), 64 Ohio St.2d 291, 297, 18 O.O.3d 472, 476, 414 N.E.2d 1044, 1048, the Ohio Supreme Court relied on the following language in *United States v. Colbert* (C.A.5, 1973), 474 F.2d 174, 176, to essentially define "abandoned" property for Fourth Amendment purposes:

"Abandonment is primarily a question of intent, and intent may be inferred from words spoken, acts done, and other objective facts.  *United States v. Cowan*, 2d Cir.1968, 396 F.2d 83, 87.  All relevant circumstances existing at the time of the alleged abandonment should be considered.  *United States v. Manning*, 5th Cir.1971, 440 F.2d 1105, 1111.  * * * The issue is not abandonment in the strict property-right sense, but whether the person prejudiced by the search had voluntarily discarded, left behind, or otherwise relinquished his interest in the property in question so that he could no longer retain a reasonable expectation of privacy with regard to it at the time of the search.  *United States v. Edwards, supra* [ (C.A.5, 1971) ], 441 F.2d [741] at 753; *cf. Katz v. United States,* 1967, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576."

■   A review of the record *sub judice* reveals that the officers merely observed Bailey "drop an object [off to his left] onto the floor." No other testimony or evidence was introduced to indicate that Bailey had intentionally discarded or relinquished his interest in the change purse. Dropping an object, without more, is not tantamount to abandoning one's interest therein. Accordingly, the record fails to support the state's abandonment theory. The trial court correctly determined that Bailey had standing to question the legality of the object's seizure.

■   We further hold that the state's alternate contention, that the seizure of the change purse was justified under *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889, is likewise meritless.

In *Terry*, the Supreme Court rejected the suggestion that the Fourth Amendment's protection against unreasonable searches and seizures "does not come into play at all as a limitation upon police conduct if the officers stop short of something called a 'technical arrest' or a 'full-blown search.'" *Terry, supra*, at 19, 88 S.Ct. at 1879, 20 L.Ed.2d at 904. In addressing what it termed the "quite narrow question" of "whether it is always unreasonable for a policeman to seize a person and subject him to a limited search for weapons unless there is probable cause for an arrest," the court set forth an objective standard by which to judge the legality of police conduct in investigative stops. The court essentially held that in order for a law enforcement officer to initiate a stop of a person without violating the person's rights under the Fourth Amendment, the officer must have an articulable and reasonable suspicion of the person's involvement in criminal activity.[1]

The court further held that in order to conduct a lawful protective search or "frisk" of a person for weapons the officer must have a reasonable belief that the person is armed and dangerous. Specifically, the court stated:

"[W]here a police officer observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot and that the persons with whom he is dealing may be armed and presently dangerous, where in the course of investigating this behavior he identifies himself as a policeman and makes reasonable inquiries, and where nothing in the initial stages of the encounter serves to dispel his reasonable fear for his

---

**1.** Since *Terry*, the Supreme Court has determined that such suspicion may be based on the person's past criminal conduct (*United States v. Cortez* [1981], 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621); that the officer making the stop may rely on another law enforcement agency's communication if the issued communication was based on the agency's reasonable suspicion (*State v. Hensley* [1985], 469 U.S. 221, 105 S.Ct. 675, 83 L.Ed.2d 604); and that the requisite suspicion, in appropriate circumstances, may be based on an informant's tip (*Alabama v. White* [1990], 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301).

own or others' safety, he is entitled for the protection of himself and others in the area to conduct a carefully limited search of the outer clothing of such persons in an attempt to discover weapons which might be used to assault him.

"Such a search is a reasonable search under the Fourth Amendment, and any weapons seized may properly be introduced in evidence against the person from whom they were taken." *Id.* at 30–31, 88 S.Ct. at 1884–1885, 20 L.Ed.2d at 912.

The court added that the officer need not be absolutely certain that the individual is armed; rather, the question becomes whether a reasonably prudent person in the circumstances would be warranted in the belief that his safety or that of others was in danger. In determining whether an officer acted reasonably under the circumstances the court stated that due weight must be given, not to his inchoate and unparticularized suspicion or hunch, but to the specific reasonable inferences which he was entitled to draw from the facts in light of his experience. *Id.* at 27, 88 S.Ct. at 1883, 20 L.Ed.2d at 909.

The doctrine espoused in *Terry* was expanded in *United States v. Place* (1983), 462 U.S. 696, 103 S.Ct. 2637, 77 L.Ed.2d 110, to include the warrantless seizure of personal property on less than probable cause. In *Place*, the Supreme Court noted that "in the ordinary case" a seizure of personal property would be viewed as *per se* unreasonable under the Fourth Amendment unless it was accomplished pursuant to a warrant or unless officers had probable cause to believe the item contained contraband or evidence of a crime and exigent circumstances demanded the item's detention pending the issuance of a warrant to examine its contents.

The court opined, however, that the exception to the probable-cause requirement for limited seizures of the person recognized in *Terry* should apply to seizures of property, specifically stating:

"Given the fact that seizures of property can vary in intrusiveness, some brief detentions of personal effects may be so minimally intrusive of Fourth Amendment interests that strong countervailing governmental interests will justify a seizure based only on specific articulable facts that the property contains contraband or evidence of a crime." *Place, supra,* at 706, 103 S.Ct. at 2644, 77 L.Ed.2d at 120.

Applying these rudiments of Fourth Amendment jurisprudence to the facts *sub judice,* it is evident that the seizure cannot be upheld under *Terry* or its progeny extending *"Terry*-type" seizures to personal property.

The state's bare assertion that the holding espoused in *Terry, supra,* justified the change purse's seizure is misplaced. As discussed *supra,* that

case upheld warrantless seizures/stops of *persons* on less than probable cause and warrantless limited searches of their outer clothing for weapons provided that the attending officers could reasonably conclude that the persons with whom they were dealing were armed and dangerous. In the instant action, the officers' focus from the outset was on the dropped change purse and not on Bailey. There was no seizure/stop of Bailey or consequential search/frisk of his person. Moreover, Officer Malone conceded that there was nothing suspicious or threatening about Bailey to warrant the conclusion that he was armed and dangerous. Thus, *Terry* itself cannot justify the seizure at issue.

■ We further conclude that under *United States v. Place's* extension of the *Terry* doctrine to include lawful seizures of personal property on less than probable cause, the seizure of Bailey's change purse nevertheless violated the Fourth Amendment.

Officer Malone stated that he seized the dropped object (which he recognized as a change purse and not a weapon when he bent down to pick up the object) because he feared it could contain a small gun, a razor blade, or contraband. Malone testified that his fear that the change purse contained a weapon was based upon advice from a "coach" within the police force who had told Malone to be cautious when entering the Avalon Bar because "there had been arrests at that bar where weapons had been recovered." Malone's belief that the change purse contained contraband was grounded on the "number of complaints regarding the suspected drug activity at the bar."

In light of this testimony, we conclude that Officer Malone did not point to specific and articulable facts to justify his seizure of Bailey's change purse as required under *Place, supra.* As noted *supra,* the officers went to the bar to conduct a liquor-license inspection, not to investigate any suspicious activity. The fact that the bar had a reputation for rough patrons and drug activity is not sufficient to justify a *Terry*-type seizure of the property. The record does not support the contention that Malone entertained a reasonable belief that the change purse contained either a weapon or contraband. Accordingly, the trial court did not err by granting the motion to suppress.

The judgment of the trial court is affirmed.[2]

*Judgment affirmed.*

---

**2.** We note that the "inevitable discovery" doctrine does not apply in this case because there was no showing by the state that police officials would have ultimately discovered the contraband contained in the change purse during the course of their liquor-permit inspection at the bar. *Nix v. Williams* (1984), 467 U.S. 431, 104 S.Ct. 2501, 81 L.Ed.2d 377; *State v. Lyons* (1985), 18 Ohio St.3d 204, 18 OBR 268, 480 N.E.2d 767.

GORMAN, P.J., and UTZ, J., concur.

HILDEBRANDT, J., dissents.

HILDEBRANDT, Judge, dissenting.

I respectfully dissent. At the hearing on the motion to suppress, Officer Malone testified under direct examination that he entered the Avalon Bar during the early morning hours of February 2, 1990, for the purpose of verifying the validity of the establishment's liquor permit. The purpose for this inspection was to respond to complaints about possible drug activity, loud noise, and traffic congestion at that location. Malone also knew that in the past police officers had recovered firearms from bar patrons.

Malone explained that upon entering the tavern he illuminated the area in which appellee Bailey was standing with a high-powered flashlight. He further testified:

"Q. [By appellee's counsel]: And you got a clear view of Mr. Bailey dropping an object to the floor?

"A. Yes, sir, I did.

"Q. Did he drop it in front of him?

"A. He dropped it off to his left, sir, what would be his left side.

"Q. And did you, when you entered the bar and shined the light on him, saw him drop the object, were you approaching Mr. Bailey before or as he was dropping the object?

"A. As he was dropping it. I was six or seven feet away when it occurred."

As stated in the majority opinion, the Ohio Supreme Court has recognized that the issue to be resolved by the courts in cases such as the one *sub judice* " 'is not abandonment in the strict property-right sense, but whether the person prejudiced by the search had voluntarily discarded, left behind, or otherwise relinquished his interest in the property in question * * *.' " *State v. Freeman* (1980), 64 Ohio St.2d 291, 297, 18 O.O.3d 472, 476, 414 N.E.2d 1044, 1048 (quoting *United States v. Colbert* [C.A.5, 1973], 474 F.2d 174, 176).

I am fully aware that the weight to be given the evidence and the credibility of the witnesses are matters for the factfinder. See *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus. However, it is my opinion that the only reasonable conclusion to be drawn from the facts and circumstances of this case is that appellee Bailey voluntarily discarded the coin purse. Therefore, Bailey lacks standing to advance a Fourth Amendment objection to the seizure of the coin purse by

Malone. Accordingly, I would reverse the judgment of the trial court and remand this cause for trial.