DECISION.
Defendant-appellant Darryl Bush appeals from his conviction for possession of cocaine, in violation of R.C. 2925.11, a fifth-degree felony, following a jury trial.
The evidence, uncontradicted at trial, showed that two Cincinnati police officers, responding to a radio broadcast, joined the search for a drug-trafficking suspect described as an African-American male wearing dark clothing. The officers searched a nearby vacant lot where the suspect had last been seen. The vacant lot contained several long-abandoned automobiles. The officers spotted Bush, an African-American male, seated in the driver's seat of one abandoned automobile. He was leaning over the vehicle's passenger seat. The officers ordered Bush to raise his hands to where they could be seen. As Bush was raising his hands, he dropped a light-colored piece of paper from his left hand. Bush was removed from the vehicle, and the officers determined that he was not the suspect they were seeking. The officers examined the paper Bush had abandoned and found that it contained crack cocaine. Bush told the officers that he intended to smoke the crack.
In his fourth assignment of error, Bush claims that the trial court erred in denying his motion to suppress, as "[t]he police officers [sic] actions in seizing and searching" him were not based upon probable cause or upon a reasonable, articulable suspicion that he had committed a crime.
From the evidence offered at the hearing on Bush's motion to suppress, it is beyond doubt that the officers had a reasonable and articulable suspicion that Bush might be the fleeing drug trafficker, and their brief detention of him while they questioned his identity was a constitutionally legitimate seizure of his person, pursuant to Terry v.Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868. See, e.g., State v. Franklin
(1993), 86 Ohio App.3d 101, 103, 619 N.E.2d 1182, 1184. There is, however, no indication that any evidence was obtained from a search of Bush's person. Though his brief is silent as to this point, Bush's ultimate goal was suppression of the crack cocaine that he had dropped onto the passenger seat of the abandoned car.
A person who claims protection from an unlawful search under the Fourth and Fourteenth Amendments must show that he had a legitimate expectation of privacy in the invaded place. See United States v. Salvucci (1980),448 U.S. 83, 95, 100 S.Ct. 2547, 2554; see, also, Rakas v. Illinois
(1978), 439 U.S. 128, 99 S.Ct. 421. As the prosecutor argued at the suppression hearing, one who cannot assert a proprietary or a possessory interest in an automobile has no reasonable expectation of privacy in the area searched and lacks standing to challenge the search. Id.
Moreover, an individual lacks standing to object to the seizure of property that he has voluntarily abandoned. See State v. Freeman (1980),64 Ohio St.2d 291, 414 N.E.2d 1044, paragraph two of the syllabus. InState v. Bailey, where officers, while entering a bar to conduct a liquor-permit inspection, observed a patron drop a purse onto the floor, this court held that the defendant had standing to question the legality of the police seizure of the purse, as there was no indication that he had "intentionally discarded or relinquished" the purse. See State v.Bailey (1991), 77 Ohio App.3d 742, 745, 603 N.E.2d 1041, 1043.
Here, unlike in State v. Bailey, there is ample evidence that Bush had voluntarily abandoned the cocaine-laden paper as a result of, but prior to yielding to, the officers' commands to raise his hands. In a similar case, the Eighth District Court of Appeals held that a defendant's voluntary abandonment of contraband, after officers had ordered him to stop, but before he had submitted to their authority, denied him standing to contest the admission of the contraband, because there had not been a seizure within the meaning of the Fourth Amendment. See State v.Duganitz (May 5, 1994), Cuyahoga App. No. 65328, unreported; see, also,California v. Hodari D. (1991), 499 U.S. 621, 626, 111 S.Ct. 1547, 1551
(decided after State v. Bailey and holding that a person is not seized for purposes of the Fourth Amendment unless police officers apply physical force or the suspect submits to the officers' assertion of authority).
Bush did not show that he had any proprietary or possessory interest, or legitimate expectation of privacy, in the abandoned automobile, and the record reveals only that he voluntarily abandoned the cocaine-laden paper before submitting to the officers' assertion of authority. Therefore, Bush did not have standing to challenge the seizure of the crack cocaine. The fourth assignment of error is overruled.
In two related assignments of error, Bush next claims that his conviction was not supported by sufficient evidence and was against the manifest weight of the evidence. To reverse a conviction on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and conclude that, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice. See State v. Thompkins (1997),78 Ohio St.3d 380, 387, 678 N.E.2d 541, 547.
Our review of the entire record does not persuade us that the jury, sitting as the trier of fact, clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. See Tibbs v. Florida (1982), 457 U.S. 31,102 S.Ct. 2211; see, also, State v. Thompkins, 78 Ohio St.3d at 387,678 N.E.2d at 546-547.
The record further establishes that the state offered substantial, credible evidence from which the trier of fact could have reasonably concluded that all elements of the charged crime had been proven beyond a reasonable doubt. See State v. Waddy (1991), 63 Ohio St.3d 424,588 N.E.2d 819, certiorari denied (1992), 506 U.S. 921, 113 S.Ct. 338. The first and second assignments of error are overruled.
Neither did the trial court err in denying Bush's motion for judgment of acquittal, as reasonable minds could have reached different conclusions as to whether each element of the crime charged had been proven beyond a reasonable doubt. See Crim.R. 29; see, also, State v.Bridgeman (1978), 55 Ohio St.2d 261, 381 N.E.2d 184. The third assignment of error is overruled.
Bush's fifth assignment of error, in which he claims that the trial court improperly limited his cross-examination of the state's witnesses at trial, and thus his right to confront the witnesses against him, is overruled. See, generally, Delaware v. Van Arsdall (1986), 475 U.S. 673,678, 106 S.Ct. 1431, 1435; State v. Self (1990), 56 Ohio St.3d 73, 76,564 N.E.2d 446, 450. The trial court granted Bush considerable latitude to cross-examine the police officers. Only when Bush's inquiries became repetitive and argumentative did the trial court truncate his questioning. We simply find no abuse of the undoubted discretion the trial court had in this respect. See State v. Lovelace (1999),137 Ohio App.3d 206, 224, 738 N.E.2d 418, 431; see, also, State v.Redmond (July 25, 1984), Hamilton App. Nos. C-830783 and C-830784, unreported.
Therefore, the judgment of the trial court is affirmed.
Gorman, P.J., Painter and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.