DECISION
Jerimiah Holloway, defendant-appellant, appeals a decision of the Franklin County Court of Common Pleas dismissing his petition for post-conviction relief.
On November 3, 1998, Detective Donald White, a drug enforcement officer with the Columbus Police Department, was inspecting luggage at the Port Columbus International Airport when he noticed a bag having "characteristics * * * of a known drug courier type bag." Detective White alerted other officers working in the general baggage claim area to keep an eye on the bag once it reached the claim area. The officers witnessed appellant suspiciously watching bags on the baggage carousel and noted appellant appeared confused as to which bags to pick up. Appellant eventually picked up two black bags, one of them being the bag Detective White considered suspicious. Appellant began to exit the baggage claim area when he was stopped by Detective White and Agent Amy Allen. Detective White stated the following at appellant's suppression hearing:
 * * * I told him who I was and everything and asked him to see his airline ticket, and I asked him if he just came in off the flight, and he said, no, he was there with his uncle. * * *
 At the time, I said, are those bags yours? And he said, no, they are my uncle's. I said, where is your uncle, which kind of made me suspicious at the time. And he said, well, he is right inside — he is right inside the doors. I didn't see him with anybody prior to this statement that his uncle was with him.
 At that time * * * you could tell he was getting a little nervous; I would say flighty, basically. He was kind of looking for an exit, and he, as opposed to running up the escalator, he kind of took off and backed into a construction sign and ran back through the doors as he was telling me, my uncle * * * is right inside the double doors, like he was trying to show me where his uncle was. But once he got inside the double doors, he decided to run.
When appellant began to run, he dropped both bags. The officers apprehended appellant and escorted him to a conference room where, after being read his Miranda rights, appellant signed a waiver. Detective White testified that when he asked appellant if they could look in the bags, appellant said he didn't care since the bags did not belong to him. Inside the bags the officers found seventy-four pounds of marijuana.
On December 1, 1999, appellant was found guilty by a jury of possession of marijuana, a violation of R.C. 2925.11. On December 10, 1999, appellant was sentenced by the Franklin County Court of Common Pleas to eight years in prison. Appellant appealed his conviction and sentence to our court. We affirmed appellant's convictions in State v. Holloway (Sept. 28, 2000), Franklin App. No. 99AP-1455, unreported, discretionary appeal not allowed (2001), 91 Ohio St.3d 1417.
On July 31, 2000, appellant filed a petition for post-conviction relief with the trial court to vacate and set aside his conviction and sentence pursuant to R.C. 2953.21. Appellant stated that the petition was filed "on the grounds that his conviction and sentence are void or voidable under the Ohio and United States Constitutions." Appellant claimed he was denied his right to effective assistance of counsel because his trial counsel failed to submit evidence at his suppression hearing held prior to his trial that appellant was handcuffed prior to his arrest. Appellant argued that this evidence:
 * * * compels a finding that [appellant] was unlawfully arrested and thus any consent he may have given was vitiated. The evidence obtained via such consent was inadmissible and should have been held to be such. With the evidence suppressed, the State would have been forced to dismiss the case. * * *
Appellee filed a motion to dismiss appellant's post-conviction petition stating that "even if the `handcuffing' fact had been elicited, the motion to suppress still would have been properly overruled." On January 4, 2001, the trial court granted appellee's motion and dismissed appellant's petition. Appellant appeals this decision and presents the following two assignments of error.
 I. PETITIONER JERIMIAH HOLLOWAY WAS DENIED HIS STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL AND THE COURT BELOW ERRED IN DENYING AND DISMISSING MR. HOLLOWAY'S POST-CONVICTION PETITION ALLEGING THIS DENIAL OF RIGHTS.
 II. PETITIONER JERIMIAH HOLLOWAY WAS DENIED HIS STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES AND THE COURT BELOW ERRED IN DENYING AND DISMISSING MR. HOLLOWAY'S POST-CONVICTION PETITION ALLEGING THIS DENIAL OF RIGHTS.
Appellant argues in both assignments of error that the trial court erred when it dismissed his petition for post-conviction relief. Appellant alleges that his petition should have been granted because he was denied his constitutional rights: (1) to effective assistance of trial counsel; and (2) to be free from unreasonable searches and seizures. Appellant specifically claims that since he "was unlawfully detained, his consent to search, if given at all, was vitiated by the illegal arrest. The trial court should have granted the motion to suppress and rejected the fruit of the search." Since appellant argues both assignments of error together, we will address them jointly.
In order to obtain post-conviction relief, a petitioner must claim that "there was such a denial or infringement of [his or her] rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States." R.C. 2953.21(A)(1). Before granting a hearing for a petition for post-conviction relief, the court "shall determine whether there are substantive grounds for relief." R.C.2953.21(C).
An evidentiary hearing is not automatically required for every petition for post-conviction relief. State v. Chafin (Mar. 25, 1999), Franklin App. No. 98AP-865, unreported, discretionary appeal not allowed (1999),86 Ohio St.3d 1437. "In order to obtain an evidentiary hearing on a motion for postconviction relief, the petitioner must show that there are substantive grounds for relief that would warrant a hearing based upon the petition, the supporting affidavits, and the files and records in the case." State v. Watson (1998), 126 Ohio App.3d 316, 324. When reviewing the trial court's decision to deny a petition for post-conviction relief without a hearing, the appellate court applies an abuse of discretion standard. Chafin, supra. Abuse of discretion is more than an error of law or judgment: "it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
The central question presented in appellant's petition for post-conviction relief is whether the evidence that appellant was handcuffed prior to giving the officers his consent to search the bags would have resulted in the evidence of the marijuana in the bags being suppressed. We have already addressed this question in appellant's direct appeal:
 [Appellant] argues that, even if the investigative stop were justified, the facts that he was handcuffed, moved three hundred to four hundred yards and read Miranda rights demonstrates that he had been arrested.
* * *
 Even if we assume, arguendo, appellant's arrest was invalid, we nonetheless conclude under the facts of this case that the evidence was properly admitted. A defendant must have standing to assert a constitutional challenge to a police search or seizure. Jones v. United States (1960), 362 U.S. 257, 261. If a defendant voluntarily abandons his property, he is without standing to challenge a subsequent search or seizure of that property.
* * *
 In the instant action * * * [appellant] abandoned the bags when he fled from the baggage claim area. He further manifested his intent to abandon the bags when he stated in response to Detective White's request to search the bags, "I don't mind at all because they don't belong to me." Indeed, [appellant] asserted from his first encounter with the officers that the bags belonged to his uncle, and not to him. We therefore conclude that [appellant] lacked standing to challenge the admissibility of the contents of the bags. Holloway, supra. (Citations omitted.)
Since appellant had no standing to challenge the admissibility of the contents of the bags, the non introduction of evidence that appellant was handcuffed prior to his arrest had no bearing on whether the evidence of marijuana found inside the bags would be suppressed. Therefore, appellant cannot claim that he received ineffective assistance of counsel because a reversal of a conviction or sentence based upon ineffective assistance of counsel requires a showing of prejudice. Strickland v. Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064. Prejudice is shown when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 2068.
The dismissal of appellant's petition for post-conviction relief was proper because appellant failed to demonstrate how the results of the suppression hearing would have been different if the evidence that he had been handcuffed had been introduced. Additionally, since appellant voluntarily abandoned the bags, a search of the bags did not deprive appellant of his constitutional right to be free from unreasonable searches and seizures. "It is rudimentary that one does not have standing to object to a search and/or seizure of property that has been voluntarily abandoned." State v. Bailey (1991), 77 Ohio App.3d 742,744, following Abel v. United States (1960), 362 U.S. 217, 80 S.Ct. 683.
Accordingly, we find the trial court did not abuse its discretion when it granted appellee's motion to dismiss appellant's petition for post-conviction relief without an evidentiary hearing. Therefore, appellant's two assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
LAZARUS and DESHLER, JJ., concur.
 ________________ BROWN, J.