OPINION
This appeal from the Licking County Common Pleas Court arises from a ruling by such court denying a motion to suppress.
 STATEMENT OF THE FACTS AND CASE
The facts produced at the oral hearing on the motion to suppress indicate that appellant was a passenger in a vehicle which passed Highway Patrol Officer Timothy Root in the right lane while he was engaged in a traffic stop. This occurred on September 1, 2001 and resulted in a stop of the vehicle which appellant occupied.
Officer Root testified that upon approaching appellant's vehicle on the passenger side, he detected a strong odor of marijuana when she rolled down the window.
The officer also smelled such drug on the person of the owner-driver, Justin Glaze. (T. at p. 6).
Mr. Glaze gave permission to search his automobile. (T. at p. 7).
Appellant appeared nervous to the officer but exited the vehicle on his request.
She stated that she did not want anyone digging through her purse but would and did dump the contents on her seat. (T. at p. 9-10). Officer Root had not asked her to do this.
The auto search revealed marijuana stems, seeds and residue.
Under the passenger seat was a glass pipe with burned residue of such drug. (T. at p. 11).
Among the purse contents dumped by appellant was a black wallet. Appellant stated that it was not her wallet. (T. at p. 11).
The Officer then opened the wallet and found a white powder which he believed to be cocaine. (T. at p. 12). It subsequently field tested as such. More cocaine was found in a make-up compact.
Appellant's driver's license and credit cards were found inside the wallet. (T. at p. 12).
Mr. Glaze stated the marijuana pipe was appellant's and that he observed her place it under the seat. (T. at p. 14).
Appellant was indicted on one count of possession of cocaine and one count of possession of drug paraphernalia.
 ASSIGNMENT OF ERROR
The sole Assignment of Error asserts:
 I. "THE TRIAL COURT COMMITTED HARMFUL ERROR IN DENYING THE MOTION TO SUPPRESS FILED BY THE DEFENDANT-APPELLANT."
 I.
There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See: State v. Fanning (1982),1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 486, State v.Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See: State v. Williams (1993),86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93, 96, State v.Claytor (1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906, 908, and Statev. Guysinger (1993), 86 Ohio App.3d 592, 594.
On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine" whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. State v. Martin (1983),20 Ohio App.3d 172. See also, State v. Thompkins (1997), 78 Ohio St.3d 380. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230.
In this case, while the "plain smell doctrine" of State v. Moore
(2000), 90 Ohio St.3d 47 is referenced by appellant relative to the odor of marijuana and the qualifications of Trooper Root as to such odor, such is inapplicable as Mr. Glaze gave permission to search the vehicle.
The issues are the existence of expectation of privacy as to the contents of appellant's purse and the abandonment thereof.
As stated heretofore, appellant voluntarily dumped the contents of the purse upon the vehicle seat. In addition, she denied ownership of the wallet.
In State v. Brown (1975), 45 Ohio App.2d 76, the defendant, as appellant in the case sub judice, denied ownership of personal property. (In Brown's case it was as to a suitcase.)
The court in Brown held:
 "Question of whether property has been abandoned along with any constitutional interest in the right to privacy or security of a property interest is a factual one; trial court must weigh the facts and circumstances to determine if in fact the property and constitutional interest therein has been, in fact, abandoned.
"* * *
 "One who has abandoned any possessory right he had in property has no standing to question legality of warrantless search of such property."
This ruling is somewhat similar to that in United States v. McDonald
(1996), 100 F.3d 1320 in which the court held:
 "What one knowingly exposes to the public is not a subject of Fourth Amendment protection of privacy interests. U.S.C.A. Const. Amend. 4.
"* * *
 "Whether someone has abandoned property, to render property not subject to Fourth Amendment protection, is determined by the words spoken, acts done, and other objective facts to determine whether person voluntarily discarded, left behind, or otherwise relinquished their interest in the property in question. U.S.C.A. Const. Amend. 4."
See also State v. Freeman (1980), 64 Ohio St.2d 291.
Based upon the actions of appellant in dumping the purse contents and denying ownership, we find that the evidence supports the trial court's conclusion that the suppression motion was not well taken in that any protected expectation of privacy under the Fourth Amendment to the Federal Constitution was inapplicable due to the totality of her conduct and statements in abandonment as to such articles.
The Assignment of Error is denied and the denial of the suppression motion is affirmed.
By: BOGGINS, J. HOFFMAN, P.J. and FARMER, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the decision of the Licking County Court of Common Pleas is affirmed. Costs to appellant.