The State of Ohio, Appellant, *v.* Collins, Appellee.

[Cite as State v. Collins (1970), 24 Ohio St. 2d 107.]

(No. 69-680—Decided December 9, 1970.)

*Mr. Paul W. Brown,* attorney general, *Mr. John A. Connor, II,* and *Mr. Joseph T. Clark,* for appellant.

*Mr. Robert U. Hastings, Jr.,* for appellee.

Herbert, J. The question before us is whether the state, in a criminal case, may prosecute an appeal from an order granting a defendant's pre-trial motion to suppress evidence.

Section 3 of Article IV of the Ohio Constitution, pertaining to the jurisdiction of the Court of Appeals, provides, in part:

"* * * Courts of Appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record

inferior to the Court of Appeals within the district * * *."

This, and former analogous language, has been held to empower the General Assembly to alter the appellate jurisdiction of the Court of Appeals. *Youngstown Municipal Ry. Co.* v. *Youngstown* (1946), 147 Ohio St. 221, 70 N. E. 2d 649. See *Price* v. *McCoy Sales & Service, Inc.* (1965), 2 Ohio St. 2d 131, 135, 207 N. E. 2d 236. Cf. *Meyer* v. *Meyer* (1950), 153 Ohio St. 408, 414, 91 N. E. 2d 892, and *Pilgrim Distributing Corp.* v. *Galsworthy, Inc.* (1947), 148 Ohio St. 567, 576, 76 N. E. 2d 382.

In implementing its authority in this regard, the General Assembly has enacted numerous statutes governing appeals in civil and criminal cases, the mention here of which is intended to bear solely upon the question raised in the instant case. For example, R. C. Chapter 2953 contains statutes governing criminal appeals from judgments or final orders and R. C. Chapter 2505 apparently purports to control appeals of all types not provided for in other sections of the Revised Code. From R. C. 2505.02 we glean the embattled "final order" definition, and R. C. 2505.03 directs that such orders are appealable as therein prescribed. It has long been logically considered that the definition of "final order" appearing in R. C. 2505.02 applies to the use of that term in other sections of the Revised Code, including those concerned specifically with criminal appeals. *State* v. *Miller* (1953), 96 Ohio App. 216, 121 N. E. 2d 660. Therefore, the first step in settling the question presented here is the determination of whether a trial court's sustaining of a motion to suppress evidence in a criminal case is a final order.

The General Assembly has stated, with judicial approval, that a final, and hence appealable, order is, *inter alia.* "an order affecting a substantial right made in a special proceeding." R. C. 2505.02. Research discloses that courts have not been eager to permit enterprising counsel to ease into the appellate chair by attaching to their various causes the appellation "special proceeding." This judicial reluctance has an obvious and sound foundation.

In *In re Estate of Wycoff* (1957), 166 Ohio St. 354, 142 N. E. 2d 660, Judge Zimmerman spoke for a unanimous

court in quoting from *Missionary Society of the M. E. Church* v. *Ely* (1897), 56 Ohio St. 405, 47 N. E. 537:

" 'Our Code does not, as does the Code of New York, specify that every remedy which is not an action is a special proceeding, nor does [*sic*] our statutes give any definition of an action or a special proceeding. But we suppose that any ordinary proceeding in a court of justice, by which a party prosecutes another for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense, involving the process and pleadings, and ending in a judgment, is an action, while every proceeding other than an action where a remedy is sought by an original application to a court for a judgment or an order, is a special proceeding.' "

Further, at page 358 in the opinion and citing *Schuster* v. *Schuster,* 84 Minn. 403, 407, 87 N. W. 1014, 1015, Judge Zimmerman quoted:

" 'Where the law confers a right, and authorizes a special application to a court to enforce it, the proceeding is special, within the ordinary meaning of the term "special proceedings." ' "

While most modern courts have been less than precise in defining "special proceeding" and some encyclopedias appear to say only that "if it isn't ordinary it is special," we conclude that a pre-trial proceeding on a motion to suppress evidence in a criminal case is a special proceeding within the meaning of R. C. 2505.02.

This conclusion is admittedly not reached without some hesitation, especially in view of the root origins of the term "special proceedings." (See *Fields* v. *Fields* [1950], 88 Ohio App. 149, 94 N. E. 2d 7; *Watson & Co.* v. *Sullivan* [1855] 5 Ohio St. 43.) However, later cases permit this result and we are convinced that modern exigency must not be left unattended solely upon the basis of academic genealogy.

Questions still remain, however, one of which is whether the order in the instant case was "an order affecting a substantial right." R. C. 2505.02. The record herein leaves no doubt that this was such an order. The appellant represented in oral argument that the deprivation of the use

of the evidence suppressed below rendered it virtually impossible for the state to obtain a conviction, and that without that evidence the prosecution would be terminated. Society has a most substantial right to the diligent prosecution of those accused of crime, and where prosecution is irretrievably foreclosed through the suppression of evidence, that right is clearly and adversely affected.

It must be kept in mind that the state has no right of criminal appeal, except as discussed hereinafter; thus, the state is in a position distinctly different from that of an accused. The latter, if his motion to suppress is overruled, may challenge the correctness of that order in appellate proceedings following his conviction. But if the motion be sustained, and the evidence thereby suppressed is essential to prosecution, in the absence of a review of that order the case is concluded and the accused is released.

In view of the instant record, it was argued that the ruling below was "an order affecting a substantial right in an action which in effect determines the action and prevents a judgment." R. C. 2505.02. In reality, however, the action was not "determined"—charges still pend against the appellee and the action would continue upon reversal. Therefore, in the case at bar, we reject the contention that this latter premise would serve as a logical basis for determining the sustaining of a motion to suppress to be a final order.

Since we have determined this order to be final, our next inquiry is directed to R. C. 2505.03:

"Every final order * * * may be reviewed as provided in Sections 2505.04 to 2505.45, inclusive, of the Revised Code, *unless otherwise provided by law* * * *." (Emphasis added.)

The emphasized language requires us to face R. C. 2945.70 and it is here that we arrive at an unfortunate impasse. That section provides:

"If the Court of Appeals or the Supreme Court is of the opinion that the questions presented by a bill of exceptions should be decided, it shall allow the bill of exceptions to be filed and render a decision thereon. *This decision shall not affect the judgment of the trial court in*

*said cause, nor shall said judgment of the trial court be reversed, unless the judgment of the Court of Appeals or the Supreme Court reverses the judgment of the trial court on its ruling on a motion to quash, a plea in abatement, a demurrer, or a motion in arrest of judgment.* In all other cases the decision of the Court of Appeals or the Supreme Court shall determine the law to govern in a similar case." (Emphasis added.)

By permitting state appeals only in the four instances delineated[1], the clear commandments of this statute obviously forbid an appeal such as the one at bar.

Appellant contends, however, that those four categories are susceptible to expansion. In support of this argument our attention is directed to the fourth paragraph of the syllabus in *Euclid* v. *Heaton* (1968), 15 Ohio St. 2d 65, 238 N. E. 2d 790, which states:

"Sections 2945.67 to 2945.70, inclusive, Revised Code, are unconstitutional insofar as they permit the prosecutor in a criminal case to institute proceedings to review a judgment of the trial court, except where the judgment of such court decides 'a motion to quash, a plea in abatement, a demurrer, or a motion in arrest of judgment,' *or the equivalent thereof.*" (Emphasis added.)

The phrase "or the equivalent thereof" does not appear in the text of R. C. 2945.70. Yet, appellant maintains that this language in *Heaton* sought to expand the scope of prosecution appeals beyond the four categories enumerated in R. C. 2945.70. We think it clear that a careful perusal of the *Heaton* majority opinion discloses that the opposite is true, but it is unnecessary for us to decide the matter because a motion to suppress evidence is not equivalent to a motion to quash, a plea in abatement, a demurrer, or a motion in arrest of judgment.

A motion to quash, a plea in abatement, and a demurrer are procedural methods by which the accused may except

---

[1] Even before *Euclid* v. *Heaton, infra,* R. C. 2945.70 would not have provided a reliable advisory appeal, since the sustaining of a motion to suppress generally turns upon the specific facts of a given case. The value of a determination of law to govern in a "similar case" would, therefore, have been contingent upon very remarkable coincidence.

to an indictment. R. C. 2941.53. A motion in arrest of judgment may be made by an accused after judgment in an effort to place himself in a like position with respect to the prosecution as before the indictment or information was found (R. C. 2947.04), because the offense charged is not within the jurisdiction of the court or the facts stated in the indictment do not constitute an offense. R. C. 2947.02. In none of those instances is proof necessary for acquittal or conviction directly affected by the outcome. The drastic effect of the sustaining of a motion to suppress, which forces termination of the prosecution, has a totally different impact.

A further and most persuasive distinction between the four procedural devices set forth in R. C. 2945.70 and a motion to suppress evidence is the present complete absence of legal guidelines in this state regarding the status of an accused, pending appellate determination of the propriety of the order of suppression. An unbonded accused, under present law, would spend months and perhaps years behind bars while the efficacy of the state's appeal was determined. If the sustaining of the motion was eventually upheld and the accused then released from custody, a reasonable person would be hard pressed to offer any excuse for such a failure of our judicial system to move with constitutional swiftness and fairness in maintaining the essential balance between society and those charged with crime. If the sustaining of the motion were reversed upon appeal, but the defendant later won acquittal, those months or years of incarceration would represent an equally unacceptable breach of justice.

On the other hand, the effects upon a defendant of a trial court's granting of the four exceptions in R. C. 2945.-70 have been carefully detailed in this state by both the legislative and judicial branches of government. R. C. 2941.58, R. C. 2941.62, R. C. 2947.04, *State* v. *Messenger* (1900), 63 Ohio St. 398, 400, 59 N. E. 105.

We would have preferred a different result in this case than the one which is so clearly mandated. The ability of prosecutors to obtain review of trial court rulings on pre-trial motions to suppress evidence, involving the ap-

plication of a difficult and changing area of constitutional law, has become an important adjunct of the administration of justice at the state level.

In the wake of *Mapp* v. *Ohio* (1961), 367 U. S. 643, 6 L. Ed. 2d 1081, new impetus was given to pre-trial motions to suppress. The President's Commission on Law Enforcement and Administration of Justice has stressed the need for prosecution appeals from orders before trial suppressing evidence, recommending that Congress and the states should enact statutes giving the prosecution the right to appeal from the grant of all pre-trial motions to suppress evidence. *The Challenge of Crime in a Free Society*, 140 (1967).

The American Bar Association also has recommended that the prosecution be permitted to appeal from pre-trial orders "that seriously impede, although they do not technically foreclose, prosecution, such as orders granting pretrial motions to suppress evidence * * *." *A. B. A. Project on Minimum Standards for Criminal Justice, Standards Relating to Criminal Appeals* (March 1969), Section 1.4 (a) (iii), 34.

A number of states have enacted legislation expressly authorizing review of rulings sustaining motions to suppress. Section 2115-A, Title 15, Maine Rev. Stat. (1970 Supp.); Sections 632.11, and 632.12, Minn. Stat. (1970 Supp.); Sections 518 and 518-a, N. Y. Code Crim. Pro. (1970 Supp.);[2] with respect to Section 1238 (7), Cal. Penal Code, see *People* v. *Perillo* (Cal. App. 1969), 80 Cal. Rptr. 160; *People* v. *Superior Court* (Cal. App. 1969), 76 Cal. Rptr. 712; *People* v. *Foster* (Cal. App. 1969), 79 Cal. Rptr. 397, and with respect to Section 1538.5(o), Cal. Penal Code,

---

[2]The New York statute authorizing prosecution appeals from pretrial orders granting motions to suppress contains a number of stringent safeguards. Section 518, N. Y. Code Crim. Pro. (1970 Supp.), provides that the state must file a statement in accordance with the provisions of Section 518-a. The latter section provides that the statement filed with the notice of appeal contain an assertion that the deprivation of use of the property suppressed renders the state's remaining proof "(1) insufficient as a matter of law, or (2) so weak in its entirety that any reasonable possibility of prosecuting such charge or prospective charge to a conviction has been effectively destroyed."

see *People* v. *Sheahan* (Cal. App. 1969), 79 Cal. Rptr. 299.

Pennsylvania allows such appeals in the absence of statutory prohibition. *Commonwealth* v. *Bosurgi* (1963), 411 Pa. 56, 190 A. 2d 304; *Commonwealth* v. *Fisher* (1966), 422 Pa. 134, 221 A. 2d 115. See, also, *Commonwealth* v. *Tabb* (1969), 433 Pa. 204, 249 A. 2d 546.

In June 1968, Congress enacted a provision allowing prosecution appeals from orders suppressing evidence in federal criminal cases. Section 3731, Title 18, U. S. Code.[3]

---

[3]The most recent enactment allowing prosecution appeals from all orders suppressing evidence, Section 3731, Title 18, U. S. Code, may have been in response to *DiBella* v. *United States* (1962), 369 U. S. 121, 7 L. Ed. 2d 614, which had held that pre-indictment motions to suppress were not appealable in federal prosecutions where an indictment intervenes between the filing of the motion to suppress and the hearing thereon. The Supreme Court had earlier reached the same result with respect to post-indictment motions to suppress. *Carroll* v. *United States* (1957), 354 U. S. 394, 1 L. Ed. 2d 1442. See, also, *Cogen* v. *United States* (1929), 278 U. S. 221, 73 L. Ed. 275, holding that post-indictment motions are not appealable by the defendant.

In *DiBella*, at page 129, the Supreme Court expressed the potentialities for abuse inherent in allowing the prosecution to appeal motions to suppress while the defendant remains in custody or under indictment: "To regard such a disjointed ruling on the admissibility of a potential item of evidence in a forthcoming trial as the termination of an independent proceeding, with full panoply of appeal and attendant stay, entails a serious disruption to the conduct of a criminal trial. The fortuity of a pre-indictment motion may make of appeal an instrument of harrassment, jeopardizing by delay the availability of other essential evidence." See, also, *Rodgers* v. *United States* (S. D. Cal. 1958), 158 F. Supp. 670. By comparing a ruling on a pre-trial motion to suppress to an adverse ruling on evidence during trial, the *DiBella* court sought to diminish the argument that the government has no right to appeal on a question which may force a dismissal of its case. 369 U. S. at 130. See *United States* v. *Rosenwasser* (C. C. A. 9, 1944), 145 F. 2d 1015.

By enacting Section 3731, Title 18, U. S. Code, Congress struck a balance between the necessity for prosecution appeal and the danger of abuse. An appeal under Section 3731 must include a certification that the appeal is not taken for the purpose of delay and that the evidence is a substantial proof of the charge pending against the defendant. The appeal must be taken within 30 days of the order to suppress and must be prosecuted diligently. Lastly, pending prosecution and determination of the appeal, the defendant is released in accordance with applicable provisions of the criminal code.

Congress had earlier permitted appeals from orders granting pre-trial motions to suppress evidence in narcotics cases. Section 1404, Title 18, U. S. Code.

We are constrained to hold that although an order granting a pre-trial motion to suppress evidence is a final order within the meaning of R. C. 2505.02, such orders are not appealable because of the clearly exclusive nature of R. C. 2945.70.[4] The judgment of the Court of Appeals must be affirmed.

*Judgment affirmed.*

O'NEILL, C. J., SCHNEIDER, DUNCAN, CORRIGAN, STERN and LEACH, JJ., concur.

---

[4]Courts of other states have reached a similar conclusion on the question decided herein. See *State* v. *Johnson* (1968), 50 Hawaii 525, 445 P. 2d 36; *State* v. *Bonhart* (Tenn. 1969), 448 S. W. 2d 669; *State* v. *Bailey* (W. Va. 1970), 173 S. E. 2d 173; *State* v. *Mather* (1969), 7 Md. App. 549, 256 A. 2d 532. Cf. *State* v. *Horton* (1970), 7 N. C. App. 497, 172 S. E. 2d 887.