14

THE STATE OF OHIO, APPELLANT, *v.*
BUCKINGHAM, APPELLEE.
THE STATE OF OHIO, APPELLANT, *v.*
ONGELL, APPELLEE.

[Cite as State v. Buckingham (1980), 62 Ohio St. 2d 14.]

(Nos. 79-620 and 79-803—Decided April 2, 1980.)

*Mr. Lee E. Fry,* prosecuting attorney, and *Mr. Mark E. Heggie,* for appellant in case No. 79-620.

*Mr. Lee C. Falke,* prosecuting attorney, and *Mr. Gary W. Crim,* for appellant in case No. 79-803.

*Messrs. Goubeaux & Goubeaux, Mr. James J. Goubeaux* and *Mr. Eric H. Brand,* for appellee in case No. 79-620.

*Mr. Kurt R. Portmann* and *Mr. Steven M. Cox,* for appellee in case No. 79-803.

WILLIAM B. BROWN, J. To decide these causes we must determine the conditions under which a Court of Appeals has

jurisdiction to entertain the state's appeal from a trial court decision in a criminal case granting defendant's pre-trial motion to suppress evidence. Since R. C. 2945.67 provides that such an appeal may be prosecuted as a matter of right,[1] our inquiry is confined to the limitations imposed by the Ohio Constitution[2] and by the Criminal Rules.

The relevant constitutional limitation is the venerable "final order" requirement included in Section 3(B)(2), Article IV of the Ohio Constitution.[3] In *State* v. *Collins* (1970), 24 Ohio St. 2d 107, 107-110, this court considered the conditions under which a decision granting defendant's pre-trial motion to suppress evidence could be a final order, and concluded that such a decision is a final order within the meaning of R. C. 2505.02 and the Ohio Constitution "where prosecution is irretrievably foreclosed through the suppression of evidence,***." *Id.,* at page 110.[4] In *Collins,* proof that prosecution was "irretrievably foreclosed" emanated from the state's representation in oral argument "that the deprivation of the use of the

---

[1] In pertinent part, R. C. 2945.67(A) provides:

"A prosecuting attorney***may appeal as a matter of right any decision of a trial court in a criminal case,***which decision grants***a motion to suppress evidence,***."

[2] A statute is void to the extent that it attempts to enlarge the Court of Appeals' jurisdiction beyond that provided for in Section 6 (reenacted as Section 3), Article IV of the Ohio Constitution. *State* v. *Dodge* (1967), 10 Ohio App. 2d 92, 103, affirmed *sub nom. Euclid* v. *Heaton* (1968), 15 Ohio St. 2d 65.

[3] In pertinent part, Section 3(B)(2), Article IV of the Ohio Constitution provides:

"Courts of Appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or *final orders* of the courts of record inferior to the Court of Appeals***." (Emphasis added.)

[4] In pertinent part R. C. 2505.02 provides:

"***an order *affecting a substantial right* made in a *special proceeding***is a final order which may be reviewed, affirmed, modified or reversed, with or without retrial." (Emphasis added.)

*Collins,* at pages 109-110, concluded "that a pre-trial proceeding on a motion to suppress evidence in a criminal case is a special proceeding within the meaning of R. C. 2505.02***, and where prosecution is irretrievably foreclosed through the suppression of evidence, that right is clearly and adversely affected."

Notwithstanding the conclusion that Section 3(B)(2) of Article IV did not prohibit the Court of Appeals from entertaining the appeal, *Collins* held that the Court of Appeals lacked jurisdiction for reason that no statute then in existence extended such an appellate right to the state. Cf. R. C. 2945.67, effective November 1, 1978, fn. 1, *supra.*

evidence suppressed below rendered it virtually impossible ***to obtain a conviction***." *Id.,* at pages 109-110.

Consistent with *Collins,* Crim. R. 12(J)[5] has now formalized the procedure through which the state must represent that prosecution would be "irretrievably foreclosed," by requiring the prosecutor to certify "that (1) the appeal is not taken for the purpose of delay; and (2) the granting of the motion has rendered the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed." Moreover, in *State* v. *Waller* (1976), 47 Ohio St. 2d 52, 57, and paragraph two of the syllabus, this court held that the time limitation, diligent prosecution and recognizance provisions of Crim. R. 12(J), as well as the above certification, are valid, mandatory procedural requirements under Section 5(B), Article IV of the Ohio Constitution.[6]

Taken together, *Collins* and *Waller* provide that a Court of Appeals has jurisdiction to entertain the state's appeal from a trial court decision in a criminal case granting defendant's pre-trial motion to suppress evidence *only* where the state has complied with Crim. R. 12(J). Accordingly, in *State* v. *Ongell,* the Court of Appeals erred in dismissing the appeal because the state complied with Crim. R. 12(J). On the other hand, in

---

[5] Crim. R. 12(J), effective July 1, 1973, provides:

"The state may take an appeal as of right from the granting of a motion for the return of seized property, or from the granting of a motion to suppress evidence if, in addition to filing a notice of appeal, the prosecuting attorney certifies that: (1) the appeal is not taken for the purpose of delay; and (2) the granting of the motion has rendered the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed.

"Such appeal shall not be allowed unless the notice of appeal and the certification by the prosecuting attorney are filed with the clerk of the trial court within seven days after the date of the entry of the judgment or order granting the motion. Any appeal taken under this rule shall be diligently prosecuted.

"If the defendant has not previously been released, he shall, except in capital cases, be released from custody on his own recognizance pending such appeal when the prosecuting attorney files the notice of appeal and certification.

"This appeal shall take precedence over all other appeals."

[6] Section 5(B), Article IV of the Ohio Constitution, in part, provides:

"The Supreme Court shall prescribe rules governing practice and procedure in all courts of the state, which rules shall not abridge, enlarge, or modify any substantive right.*** All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect."

*State* v. *Buckingham,* the Court of Appeals correctly dismissed the appeal since the state did not therein comply with Crim. R. 12(J).

The Court of Appeals' judgment in *State* v. *Ongell* is reversed, and the Court of Appeals' judgment in *State* v. *Buckingham* is affirmed.

*Judgment reversed in case No. 79-803.*

*Judgment affirmed in case No. 79-620.*

CELEBREZZE, C. J., HERBERT, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.