In re Hester.

(No. 80AP-827 — Decided
January 22, 1981.)

*Mr. Michael Miller,* prosecuting attorney, *Mr. Alan C. Travis* and *Ms. Cinda Holthouse,* for the appellant, the state of Ohio.

*Mr. James Kura, Ms. Gloria Eyerly, Mr. John W. Keeling* and *Mr. Stephen Freedman,* for the appellee.

STRAUSBAUGH, P.J. This matter comes before us upon defendant's motion to dismiss the appeal and upon the state's motion to amend the filed notice of appeal and certification.

Defendant was arrested and charged with murder on September 10, 1980. This appeal arises from a decision of the Juvenile Court granting defendant's motion to suppress statements made to investigators. While the state has timely filed a notice of appeal, it failed to make a proper certification as required by Juv. R. 22(F), which reads as follows:

"*In delinquency proceedings the state may take an appeal as of right from the granting of a motion to suppress evidence if, in addition to filing a notice of appeal, the prosecuting attorney certifies that (1) the appeal is not taken for the purpose of delay and (2) the granting of the motion has rendered proof available to the state so weak in its entirety that any reasonable possibility of proving the complaint's allegations has been destroyed.*

"Such appeal shall not be allowed unless the notice of appeal and the certification by the prosecuting attorney are filed with the clerk of the juvenile court within seven days after the date of the entry of the judgment or order granting the motion. Any appeal which may be taken under this rule shall be diligently prosecuted.

"A child in detention or shelter care may be released pending this appeal when the state files the notice of appeal and certification.

"This appeal shall take precedence over all other appeals." (Emphasis added.)

As a result of the state's failure to certify that the granting of the motion to suppress by the trial court "* * *has rendered proof available to the state so weak in its entirety that any reasonable possibility of proving the complaint's allegations has been destroyed," defendant filed a motion to dismiss claiming that the above omission prevents this court from having jurisdiction over the appeal, there being no final appealable order. In response, the state has filed a motion to amend the filed notice of appeal and certification for the purpose of adding the appropriate language to the certification.

Defendant relies on the syllabus from the recent decision of *State* v. *Buckingham* (1980), 62 Ohio St. 2d 14 [16 O.O. 3d 8], which reads:

"A Court of Appeals has jurisdiction to entertain the state's appeal from a trial court decision in a criminal case granting defendant's pre-trial motion to suppress evidence *only* where the state has complied with Crim. R. 12(J)."

In its pertinent provisions, Juv. R. 22(F) has the same provisions as Crim. R. 12(J) in describing the steps to be taken by the state in appealing the granting of a motion to suppress evidence.

Within his memorandum in opposition to the motion to amend the notice of appeal, defendant argues that, if the Ohio Supreme Court in *Buckingham* had believed that the state's failure to comply with the requirements of Crim. R. 12(J) could have been cured by amendment, the

court would have so allowed. Because the reported decision does not explain how the state in *Buckingham* was not in compliance with Crim. R. 12(J), *Buckingham* cannot be read as the defendant argues above. While there are certain errors, such as the failure of the state to file a notice of appeal within seven days after the date of the entry of judgment pursuant to Crim. R. 12(J), Juv. R. 22(F) and App. R. 4(B), which cannot be corrected by amendment, we do not feel that the inadvertent failure of the state to include all of the proper language within its certification is such an error.

App. R. 3(E) states:

"The court of appeals within its discretion and upon such terms as are just may allow the amendment of a timely filed notice of appeal."

There is no question that the filing of a notice of appeal within the time allowed by App. R. 4 is a jurisdictional requirement. App. R. 3. If this court is empowered to allow for the amendment of a timely filed notice of appeal, pursuant to App. R. 3(E), so that said notice may comply with App. R. 3(C), we find no reason why a court of appeals cannot allow the amendment of a *timely* filed notice of appeal and certification so that there may be full compliance with Crim. R. 12(J) and Juv. R. 22(F).

If this court were not to allow the state to amend its notice of appeal and certification, the substantial right of society to the diligent prosecution of those accused of crime, which was recognized by the Ohio Supreme Court in *State* v. *Collins* (1970), 24 Ohio St. 2d 107, 110 [53 O.O. 2d 302, 303], would be adversely affected.

In *Collins,* the court found that the granting of the defendant's motion to suppress was a final order, citing the state's representation in *oral argument* "* * * that the deprivation of the use of the evidence suppressed * * * rendered it virtually impossible for the state to obtain a conviction * * *." *Id.,* at 109-110. We find nothing which indicates that the state is foreclosed from amending its original certification to comply with the formalized procedure established in Crim. R. 12(J) and Juv. R. 22(F).

For the foregoing reasons, defendant's motion to dismiss the appeal is overruled, and the state's motion to amend the notice of appeal and certification is granted.

*Motion to dismiss appeal overruled.*
*Motion to amend granted.*

REILLY and MOYER, JJ., concur.