OPINION
Plaintiff-appellant, State of Ohio, appeals a decision of the Belmont County Court, Western Division, granting defendant-appellee's, Raymond L. Pubal, motion to suppress.
On February 27, 1999, Trooper Thomas W. Lish, of the Ohio Highway State Patrol, was on routine patrol in the area of Township Road 216 and State Route 9 when he came upon a vehicle parked on the roadway. Trooper Lish stopped behind the vehicle and got out to investigate. Trooper Lish discovered appellee behind the wheel and detected a strong odor of an alcoholic beverage. Trooper Lish asked appellee to step from the vehicle in order to perform field sobriety tests. As appellee exited the vehicle, Trooper Lish observed the handle of a knife protruding from under the driver's seat. Trooper Lish seized the knife and then ran appellee through the tests. Appellee performed poorly and Trooper Lish placed him under arrest. Trooper Lish searched appellee's person and uncovered drugs and drug paraphernalia.
Appellee was charged with DUI, in violation of R.C. 4511.19, carrying a concealed weapon, in violation of R.C. 2932.12, and parking on a roadway, in violation of R.C. 4511.16. On March 23, 1999, appellant agreed to drop the DUI charge since appellee was not observed driving the vehicle and the keys to the vehicle were never located.
On April 6, 1999, appellee filed a motion to suppress the evidence. On May 24, 1999, the trial court sustained the motion based on lack of probable cause. The trial court's decision was premised upon its interpretation of R.C. 4511.66 and 4511.19, that each require some affirmative act or circumstance of control over a motor vehicle for a violation to occur. The trial court found that appellee was never observed operating the vehicle and that Trooper Lish had not observed circumstances which would reasonably allow an inference that appellee operated the vehicle to the exclusion of others. Accordingly, the trial court suppressed the evidence obtained as a result of Trooper Lish's investigation.
On May 26, 1999, appellant appealed the trial court's decision.
The state presents a single assignment of error for review in which it argues that the trial court should not have granted appellee's motion to suppress. However, we cannot reach the merits of this assignment of error. We conclude that because the state failed to comply with the procedural requirements outlined in both the Ohio Revised Code and the Rules of Criminal Procedure, the appeal must be dismissed.
R.C. 2945.67(A) sets forth the instances when the state may appeal in a criminal case. It provides in pertinent part:
 "A prosecuting attorney * * * may appeal as a matter of right any decision of a trial court in a criminal case * * * which decision grants * * * a motion to suppress evidence * * *."
Crim.R. 12(J) "supplements and formalizes" the provisions of R.C. 2945.67. State v. Davidson (1985), 17 Ohio St.3d 132, 134. Crim.R. 12(J) provides in pertinent part:
 "When the state takes an appeal as provided by law from an order suppressing or excluding evidence, the prosecuting attorney shall certify that: (1) the appeal is not taken for the purpose of delay; and (2) the ruling on the motion or motions has rendered the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed.
 "The appeal from an order suppressing or excluding evidence shall not be allowed unless the notice of appeal and the certification by the prosecuting attorney are filed with the clerk of the trial court within seven days after the date of the entry of the judgment or order granting the motion. Any appeal taken under this rule shall be prosecuted diligently."
A court of appeals has jurisdiction to entertain the state's appeal from a trial court decision in a criminal case granting a defendant's pre-trial motion to suppress evidence only where the state has complied with Crim.R. 12(J). State v. Buckingham
(1980), 62 Ohio St.2d 14, syllabus. Since the state failed to file the required certification, this court is without jurisdiction to hear the appeal and thus, it is hereby dismissed. See State v. Deters (Apr. 24, 1998), Hamilton App. No. No. C-970369, unreported, 1998 WL 195685; State v. Bowlin (Mar. 16, 1993), Highland App. No. 809, unreported, 1993 WL 79281.
Vukovich, J., concurs
Waite, J., Concurs
APPROVED:
 _________________________ Gene Donofrio Judge