JOURNAL ENTRY AND OPINION.
{¶ 1} This is an appeal from an order of Cleveland Municipal Judge Sean Gallagher that suppressed evidence in the criminal prosecution of Leo Wagner. The City filed a notice of appeal within the time required by Crim.R. 12(K), but failed to certify, within the same time period, that the appeal is not for the purpose of delay and that "any reasonable possibility of effective prosecution has been destroyed." Therefore, we dismiss the appeal for lack of subject matter jurisdiction.[1]
 {¶ 2} The judge's ruling was entered on August 29, 2002, and the City filed its notice of appeal on August 30, 2002. On February 20, 2003, the City filed a motion to amend its appeal to include the required certification. Although such amendments were allowed in State v.Moncrease[2] and In re Hester,[3] these opinions cannot be sustained under the syllabus of State v. Buckingham, supra.[4]
 {¶ 3} The syllabus in Buckingham states that this court has jurisdiction over this appeal "only where the state has complied with Crim.R. 12(J) [currently Crim.R. 12(K)]." Buckingham does not admit a distinction between timely notice and timely certification, but instead requires compliance with all provisions of the rule before jurisdiction is obtained.
 {¶ 4} Furthermore, Crim.R. 12(K) states that the appeal "shall not be allowed unless the notice of appeal and the certification by the prosecuting attorney are filed with the clerk of the trial court within seven days after the date of the entry of the judgment or order granting the motion." Nothing in App.R. 3(F) can cause the certification to be "filed with the clerk of the trial court" within seven days where it was not so filed originally. Even if one believed that App.R. 3(A) could overcome Crim.R. 12(K), the requirement of filing the certification with the trial court leaves no doubt that it is an inseparable part of the notice of appeal under App.R. 3(A). Therefore, jurisdiction cannot be obtained without timely certification, and this court cannot allow amendment of a notice of appeal where subject matter jurisdiction is lacking in the first instance.
Appeal dismissed.
It is ordered that appellee recover of appellant costs herein taxed.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, J., and TIMOTHY E. McMONAGLE, J., concur.
[1] State v. Buckingham (1980), 62 Ohio St.2d 14, 16 O.O.3d 8,402 N.E.2d 536, syllabus.
[2] (Apr. 13, 2000), Cuyahoga App. Nos. 76145, 76146, 76147.
[3] (1981), 1 Ohio App.3d 24, 1 OBR 85, 437 N.E.2d 1218.
[4] The author of this opinion notes that she no longer agrees with that portion of the opinion in Moncrease which found that amendment was allowed because only timely notice, and not timely certification, was jurisdictional.