MEMORANDUM OPINION
{¶ 1} On May 8, 2006, appellant, State of Ohio, filed a notice of appeal from a May 1, 2006 judgment of the Ashtabula Court of Common Pleas. In this judgment, the trial court granted appellee's motion to suppress and ordered that all physical evidence seized from appellee is suppressed from use in evidence against him at trial and any statements made by appellee at the time of his arrest are also suppressed.
 {¶ 2} Crim.R. 12(K) governs a state's appeal from a judgment granting a motion to suppress, which provides, in part, as follows:
 {¶ 3} "When the state takes an appeal as provided by law from an order suppressing or excluding evidence, the prosecuting attorney shall certify that both of the following apply:
 {¶ 4} "(1) the appeal is not taken for the purpose of delay;
 {¶ 5} "(2) the ruling on the motion or motions has rendered the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed.
 {¶ 6} "The appeal from an order suppressing or excluding evidence shall not be allowed unless the notice of appeal and the certification by the prosecuting attorney are filed with the clerk of the trial court within seven days after the date of the entry of the judgment or order granting the motion. Any appeal under this rule shall be prosecuted diligently."
 {¶ 7} Appellant filed its notice of appeal within seven days; however, it did not include the certification as required by Crim.R. 12(K).[1]
 {¶ 8} In determining the conditions under which an appellate court may entertain a state's appeal from a trial court judgment granting a motion to suppress evidence, the Supreme Court of Ohio has held as follows:
 {¶ 9} "* * * Crim.R. 12(J) has now formalized the procedure through which the state must represent that prosecution would be `irretrievably foreclosed,' by requiring the prosecutor to certify `that (1) the appeal is not taken for the purpose of delay; and (2) the granting of the motion has rendered the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed.' Moreover, * * * this court held that the time limitation, diligent prosecution and recognizance provisions of Crim.R. 12(J), as well as the above certification, are valid, mandatory procedural requirements under Section 5(B), Article IV
of the Ohio Constitution. * * *" State v. Buckingham (1980),62 Ohio St.2d 14, 16.
 {¶ 10} Since, in the present appeal, the state failed to file a certification, which is procedurally mandatory, this Court lacks jurisdiction to consider its appeal. Accordingly, the appeal is hereby dismissed, sua sponte, for appellant's failure to comply with Crim.R. 12(K).
 {¶ 11} Appeal dismissed.
Ford, P.J., Grendell, J., concur.
[1] We note that on July 1, 2001, Crim.R. 12(J) was amended and is now denoted as Crim.R. 12(K). No other substantive changes were made. Due to this amendment, any Crim.R. 12(J) references made here are pursuant to Crim.R. 12(K).