{¶ 1} On March 17, 2008, appellant, State of Ohio, filed a notice of appeal from a March 12, 2008 judgment of the Portage County Court of Common Pleas. In that judgment, the trial court granted the motion to suppress of appellee, Laura M. Schmucker.
 {¶ 2} The state may appeal trial court decisions as a matter of right in certain instances under R.C. 2945.67, which states in relevant part: *Page 2 
 {¶ 3} A prosecuting attorney * * * may appeal as a matter of right any decision of a trial court in a criminal case, * * * which decision grants * * * a motion to suppress evidence * * *."
 {¶ 4} Specifically, Crim.R. 12(K) governs a state's appeal from a judgment granting a motion to suppress, which provides as follows:
 {¶ 5} "When the state takes an appeal as provided by law from an order suppressing or excluding evidence, the prosecuting attorney shall certify that both of the following apply:
 {¶ 6} "(1) the appeal is not taken for the purpose of delay;
 {¶ 7} (2) the ruling on the motion or motions has rendered the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed.
 {¶ 8} "The appeal from an order suppressing or excluding evidence shall not be allowed unless the notice of appeal and the certification by the prosecuting attorney are filed with the clerk of the trial court within seven days after the date of the entry of the judgment or order granting the motion. Any appeal under this rule shall be prosecuted diligently."
 {¶ 9} Appellant filed its notice of appeal within seven days; however, it did not include the certification as required by Crim.R. 12(K).[1]
 {¶ 10} In determining the conditions under which an appellate court may entertain a state's appeal from a trial court judgment granting a motion to suppress evidence, the Supreme Court of Ohio has held: *Page 3 
 {¶ 11} "* * * Crim.R. 12(J) has now formalized the procedure through which the state must represent that prosecution would be `irretrievably foreclosed,' by requiring the prosecutor to certify `that (1) the appeal is not taken for the purpose of delay; and (2) the granting of the motion has rendered the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed.' Moreover, * * * this court held that the time limitation, diligent prosecution and recognizance provisions of Crim.R. 12(J), as well as the above certification, are valid, mandatory procedural requirements under Section 5(B), Article IV of the Ohio Constitution. * * *" State v. Buckingham (1980), 62 Ohio St.2d 14, 16.
 {¶ 12} Since the state failed to file a certification in the present appeal, as is procedurally mandated, this court lacks jurisdiction to consider its appeal. Accordingly, the appeal is hereby dismissed, sua sponte, for appellant's failure to comply with Crim.R. 12(K).
 {¶ 13} Appeal dismissed.
CYNTHIA WESTCOTT RICE, J., COLLEEN MARY OTOOLE, J., concur.
[1] We note that on July 1, 2001, Crim.R. 12(J) was amended and is now denoted as Crim.R. 12(K). No other substantive changes were made. Due to this amendment, any Crim.R. 12(J) references made here are pursuant to Crim.R. 12(K). *Page 1