OPINION *Page 2 
{¶ 1} Appellant, the State of Ohio, appeals the decision of the Court of Common Pleas, Richland County, which granted a motion to suppress evidence in favor of Appellee Aaron C. McKnight. The relevant facts leading to this appeal are as follows.
 {¶ 2} On December 31, 2006, officers from the Mansfield Police Department responded to a reported robbery at appellee's residence on Dale Avenue. The officers searched the premises and allegedly discovered drugs and drug paraphernalia in the house.
 {¶ 3} On March 8, 2007, Richland County Grand Jury indicted the appellee for one count of possession of Methylenedioxymethamphetamine (MDMA), a Schedule I controlled substance, a felony of the fifth degree, with an attached firearm specification; one count of possession of cocaine, a Schedule II controlled substance, in an amount not exceeding five grams, a felony of the fifth degree, with an attached firearm specification and a forfeiture specification for $753.00 in cash; one count of trafficking in marijuana, a Schedule I controlled substance, a felony of the fifth degree, with an attached firearm specification; and one count of possession of marijuana, a misdemeanor of the first degree.
 {¶ 4} On May 24, 2007, appellee filed a motion to suppress the evidence recovered at the residence on Dale Avenue. The court conducted a hearing on the motion on July 11, 2007.
 {¶ 5} On July 24, 2007, the trial court issued a judgment entry granting appellee's motion to suppress. The State filed a notice of appeal therefrom on August 8, 2007. It herein raises the following sole Assignment of Error: *Page 3 
 {¶ 6} "I. THE TRIAL COURT ERRED IN GRANTING THE DEFENDANT-APPELLEE'S MOTION TO SUPPRESS WHERE A VOLUNTARY CONSENT TO SEARCH WAS DEMONSTRATED."
 I. {¶ 7} In its sole Assignment of Error, Appellant State of Ohio challenges the trial court's grant of Appellee McKnight's suppression motion.
 {¶ 8} As an initial matter, we must review whether the State followed the appropriate procedure for a prosecutor's appeal from an order granting a motion to suppress evidence.
 {¶ 9} The normal time for filing a notice of appeal is within thirty days of the date of judgment entry. See App. R. 4(A). However, there is a specific exemption regarding certain appeals by the State provided under App. R. 4(B)(4). Pursuant to App. R. 4(B)(4), "[i]n an appeal by the prosecution under Crim. R. 12(K) * * * the prosecution shall file a notice of appeal within seven days of entry of the judgment or order appealed." In the case sub judice, the State of Ohio was thus required to file its notice of appeal no later than seven days after the trial court's July 24, 2007 judgment entry granting suppression. The notice of appeal filed August 8, 2007 was therefore untimely.
 {¶ 10} Additionally, a court of appeals has jurisdiction to entertain the State's appeal from a trial court's decision to suppress evidence only where the State has complied with Crim. R. 12(K). State v.Perez, Hamilton App. Nos. C-040363, C-040364, C-040365, 2005-Ohio-1326, ¶ 12, citing State v. Buckingham (1980), 62 Ohio St.2d 14,402 N.E.2d 536, syllabus (interpreting former Crim. R. 12(J)). *Page 4 
 {¶ 11} Crim. R. 12(K) states in pertinent part:
 {¶ 12} "When the state takes an appeal as provided by law from an order suppressing or excluding evidence, the prosecuting attorney shall certify that both of the following apply:
 {¶ 13} "(1) the appeal is not taken for the purpose of delay;
 {¶ 14} "(2) the ruling on the motion or motions has rendered the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed.
 {¶ 15} "The appeal from an order suppressing or excluding evidence shall not be allowed unless the notice of appeal and the certification by the prosecuting attorney are filed with the clerk of the trial court within seven days after the date of the entry of the judgment or order granting the motion. * * *."
 {¶ 16} Our review of the record reveals no certifying statement by the prosecutor as outlined in Crim. R. 12(K). We are therefore without jurisdiction to proceed to the merits of this appeal.
 {¶ 17} For the foregoing reasons, the appeal of the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby dismissed.
 By: Wise, J. Gwin, P. J., and Delaney, J., concur. *Page 5 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the appeal of the judgment of the Court of Common Pleas of Richland County, Ohio, is dismissed. Costs assessed to appellant. *Page 1