[Cite as *State v. McFadden*, 2017-Ohio-2728.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellant, | : | |
| -vs- | : | **CASE NO. 2017-A-0014** |
| DAVID ROSS McFADDEN, | : | |
| Defendant-Appellee. | : | |

Criminal Appeal from the Ashtabula Court of Common Pleas, Case No. 2016 CR 0673.

Judgment: Appeal dismissed.

*Nicholas A. Iarocci,* Ashtabula County Prosecutor, and *Shelley M. Pratt,* Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Plaintiff-Appellant).

*Richard J. Perez*, Rosplock & Perez, Interstate Square Building I, 4230 State Route 306, #240, Willoughby, OH 44094-9204 (For Defendant-Appellee).

THOMAS R. WRIGHT, J.,

{¶1} Appellant, the state of Ohio, filed a notice of appeal from the trial court's pretrial discovery order directing the state to provide appellee with transcripts of the grand jury proceedings along with a motion for leave to appeal. *State v. Greer*, 66 Ohio St.2d 139, 147, 420 N.E.2d 982 (1981). Appellee, David McFadden, opposes the motion.

{¶2} Crim.R. 12(K) states in part:

"When the state takes an appeal as provided by law * * * from an order directing pretrial disclosure of evidence, the prosecuting attorney *shall certify that both of the following apply*: (1) the appeal is not taken for the purpose of delay; (2) * * * the pretrial disclosure of evidence ordered by the court will have one of the effects enumerated in Crim. R. 16(D)." (Emphasis added.)

**{¶3}** Crim.R. 16(D) provides in part:

**{¶4}** "(1) The prosecuting attorney has reasonable, articulable grounds to believe that disclosure will compromise the safety of a witness, victim, or third party, or subject them to intimidation or coercion;

**{¶5}** "(2) The prosecuting attorney has reasonable, articulable grounds to believe that disclosure will subject a witness, victim, or third party to a substantial risk of serious economic harm;

**{¶6}** "(3) Disclosure will compromise an ongoing criminal investigation or a confidential law enforcement technique or investigation regardless of whether that investigation involves the pending case or the defendant;

**{¶7}** "(4) The statement is of a child victim of sexually oriented offense under the age of thirteen;

**{¶8}** "(5) The interests of justice require non-disclosure.

**{¶9}** "Reasonable, articulable grounds may include, but are not limited to, the nature of the case, the specific course of conduct of one or more parties, threats or prior instances of witness tampering or intimidation, whether or not those instances resulted in criminal charges, whether the defendant is pro se, and any other relevant information."

{¶10} Here, the state fails to certify that this appeal is not being taken for purposes of delay or that one or more of the scenarios listed in Crim.R. 16(D)(1)-(5) applies. Accordingly, we lack jurisdiction. *State v. Schmucker*, 11th Dist. Portage No. 2008-P-0027, 2008-Ohio-1890, ¶11-12, citing *State v. Buckingham*, 62 Ohio St.2d 14, 16, (1980); *State v. Bassham*, 94 Ohio St.3d 269, 2002-Ohio-797, 762 N.E.2d 963 (2002); *State v. Agee*, 6th Dist. Erie No. E-10-009, 2010-Ohio-1367, ¶11-12. The state does not have an unfettered right of appeal. *State v. Malinovsky*, 60 Ohio St.3d 20, 23, 573 N.E.2d 22 (1991). The Crim.R. 12(K) certification requirements provide a defendant with protection from prosecutorial abuse and harmonize the interlocutory appeals permitted under the rule with the final order requirement of the Ohio Constitution. *Id.*

{¶11} Appellant's motion for leave to appeal is overruled and this matter is dismissed.

CYNTHIA WESTCOTT RICE, P.J.,

TIMOTHY P. CANNON, J.,

concur.

3