[Cite as *State v. Conn*, 2021-Ohio-2727.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No. 20CA1118 |
| Plaintiff-Appellant, | : | |
| v. | : | <u>DECISION AND</u><br><u>JUDGMENT ENTRY</u> |
| Justin Conn, | : | |
| Defendant-Appellee. | : | **RELEASED 8/05/2021** |

_____
<u>APPEARANCES</u>:

C. David Kelley, Prosecuting Attorney, and Mark R. Weaver and Ryan M. Stubenrauch, Assistant Prosecuting Attorneys, Adams County Prosecutor's Office, West Union, Ohio, for appellant.

Patrick T. Clark and Gregory W. Meyers, Assistant State Public Defenders, Office of the Ohio Public Defender, Columbus, Ohio, for appellee.
_____
Hess, J.

**{¶1}** The state of Ohio appeals from a judgment of the Adams County Court of Common Pleas granting Justin Conn's motion to suppress evidence. However, the state did not timely file a Crim.R. 12(K) certification by the prosecuting attorney that the appeal is not taken for the purpose of delay and that the ruling on the motion has rendered the state's proof with respect to the pending charges so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed. As a result, we lack jurisdiction to entertain the merits of the appeal. Although the state has moved for leave to file an amended notice of appeal in an attempt to correct the defect, we cannot allow amendment of a notice of appeal where jurisdiction is lacking in the first instance. Accordingly, we dismiss the motion and the appeal for lack of jurisdiction.

## I.  PROCEDURAL HISTORY

**{¶2}**    The Adams County grand jury indicted Conn on one count of aggravated robbery and one count of having weapons while under disability.  Conn pleaded not guilty and filed a motion to suppress evidence.  The trial court conducted a hearing on the motion, and on July 23, 2020, the court issued a judgment entry granting the motion to suppress.  The next day, the state filed a notice of appeal from that entry stating that "[t]he attorney for the Plaintiff-Appellant hereby certified [sic] that the judgment herein appealed is final as defined in R.C. 2505.02 and Civ.R. 54(B), and is authorized by R.C. 2945.67(A)."

## II.  ASSIGNMENT OF ERROR

**{¶3}**    The state assigns one error for our review: "The trial court erred in granting Defendant-Appellee's motion to suppress in its judgment entry dated July 23, 2020."[1]

## III.  LAW AND ANALYSIS

**{¶4}**    Before we address the merits of the appeal, we must decide whether we have jurisdiction to do so.  "Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * *."  Ohio Constitution, Article IV, Section 3(B)(2).  Our review of the record revealed a jurisdictional issue, and we ordered the parties to file supplemental briefs regarding it.  *See generally State v. Smith*, 4th Dist. Highland No. 10CA13, 2011-Ohio-1659, ¶ 3 ("We are required to sua sponte raise jurisdictional issues when they become apparent").

---

[1] The assignment of error is taken from page i of the state's appellate brief; the assignment of error is stated differently on page 4 of the brief.

**{¶5}** R.C. 2945.67(A) permits a prosecuting attorney to appeal as a matter of right any decision of a trial court in a criminal case which grants a motion to suppress evidence.  Crim.R. 12(K) states:

> **Appeal by state.**  When the state takes an appeal as provided by law from an order suppressing or excluding evidence, * * * the prosecuting attorney shall certify that both of the following apply:
>
> (1) the appeal is not taken for the purpose of delay;
>
> (2) the ruling on the motion * * * has rendered the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed * * *.
>
> The appeal from an order suppressing or excluding evidence *shall not be allowed unless* the notice of appeal *and the certification by the prosecuting attorney are filed* with the clerk of the trial court *within seven days* after the date of the entry of the judgment or order granting the motion.

(Emphasis added.)  "As an exception to the general rule that the state may not appeal orders from criminal prosecutions, Crim.R. 12(K) must be strictly construed."  *State v. Charette*, 11th Dist. Portage No. 2012-P-0045, 2012-Ohio-5937, ¶ 14, citing *State v. Bassham*, 94 Ohio St.3d 269, 271, 762 N.E.2d 963 (2002).

**{¶6}** In *State v. Buckingham*, 62 Ohio St.2d 14, 402 N.E.2d 536 (1980), the Supreme Court of Ohio considered "the conditions under which a Court of Appeals has jurisdiction to entertain the state's appeal from a trial court decision in a criminal case granting defendant's pre-trial motion to suppress evidence."  *Buckingham* at 14-15.  The court explained that in *State v. Collins*, 24 Ohio St.2d 107, 265 N.E.2d 261 (1970), it "concluded that such a decision is a final order within the meaning of R.C. 2505.02 and the Ohio Constitution 'where prosecution is irretrievably foreclosed through the suppression of evidence.' "  *Id.* at 15, quoting *Collins* at 110.  The court also explained

that in *Collins*, "proof that prosecution was 'irretrievably foreclosed' emanated from the state's representation in oral argument 'that the deprivation of the use of the evidence suppressed below rendered it virtually impossible * * * to obtain a conviction * * *.' " (Omissions in *Buckingham*.) *Id.* at 15-16, quoting *Collins* at 109-110. The court stated:

> Consistent with *Collins*, [former] Crim.R. 12(J) has now formalized the procedure through which the state must represent that prosecution would be "irretrievably foreclosed," by requiring the prosecutor to certify "that (1) the appeal is not taken for the purpose of delay; and (2) the granting of the motion has rendered the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed." Moreover, in *State v. Waller* (1976), 47 Ohio St.2d 52, 57, 351 N.E.2d 88, and paragraph two of the syllabus, this court held that the time limitation, diligent prosecution and recognizance provisions of [former] Crim.R. 12(J), as well as the above certification, are valid, mandatory procedural requirements under Section 5(B), Article IV of the Ohio Constitution.

(Footnotes omitted.) *Id.* at 16. Taking *Collins* and *Waller* together, the court held that an appellate court "has jurisdiction to entertain the state's appeal from a trial court decision in a criminal case granting defendant's pre-trial motion to suppress evidence only where the state has complied with [former] Crim.R. 12(J)." *Id.* at *syllabus* and 16. The court held that in one case before it, the appellate court correctly dismissed the appeal because the state did not comply with the rule, and in another case, the appellate court erred in dismissing the appeal because the state did comply with the rule. *Id.* at 16-17.

{¶7} Following *Buckingham*, this court and other courts of appeals have dismissed for lack of jurisdiction appeals in which the state failed to comply with the certification requirement, which is now in Crim.R. 12(K). *State v. Bowlin*, 4th Dist. Highland No. 809, 1993 WL 79281 (Mar. 16, 1993); *State v. McKnight*, 5th Dist. Richland No. 07 CA 62, 2008-Ohio-3931; *Toledo v. Pryll,* 6th Dist. Lucas No. L-12-1015, 2013-

Ohio-1593; *Cleveland v. Wagner*, 8th Dist. Cuyahoga No. 81730, 2003-Ohio-1358 ("*Wagner*"); *State v. Carlucci*, 11th Dist. Lake No. 2010-L-143, 2011-Ohio-1164.

**{¶8}** In its supplemental brief, the state "concedes that the required certification under Crim.R. 12(K) is missing from its notice of appeal" and "that such an omission, if not corrected, would deprive this Court of jurisdiction to hear this case under Ohio Supreme Court precedent." However, the state "asserts that both the Rules of Appellate Procedure and persuasive case law on the issue permit the State to file and this Court to accept a motion for leave to amend the notice of appeal to ensure the required certification language is present." The state relies on *In re Hester*, 1 Ohio App.3d 24, 437 N.E.2d 1218 (10th Dist.1981), and *State v. Moncrease*, 8th Dist. Cuyahoga Nos. 76145, 76146, and 76147, 2000 WL 377496 (Apr. 13, 2000), to support its position. The state also filed a motion for leave to file an amended notice of appeal. Citing *Wagner*, Conn asserts that the state relies on case law that has been overruled or abrogated. Conn maintains that the jurisdictional defect cannot be cured because more than seven days have passed since the date of the entry of the judgment granting the motion to suppress.

**{¶9}** In *Hester*, the state appealed a juvenile court's decision granting a motion to suppress. *Hester* at *25.* The defendant moved to dismiss for lack of jurisdiction because the state failed to certify, in accordance with Juv.R. 22(F) (which is similar to Crim.R. 12(K)), that the granting of the motion had rendered proof available to the state so weak in its entirety that any reasonable possibility of proving the complaint's allegations had been destroyed. *Id.* at 25. The state moved to amend its notice of appeal and certification to add the appropriate language to the certification. *Id.* The defendant opposed the motion, relying on the syllabus in *Buckingham* and arguing that if the

*Buckingham* court had believed the state's failure to comply with former Crim. 12(J) "could have been cured by amendment, the court would have so allowed."  *Id.* at 25-26.

**{¶10}**  The Tenth District Court of Appeals found that because *Buckingham* did not explain how the state failed to comply with former Crim.R. 12(J), *Buckingham* could not be read as the defendant argued.  *Id.* at 26.  The court did not "feel that the inadvertent failure of the state to include all of the proper language within its certification" was an error that could not be corrected by amendment.  *Id.*  It explained:  "If this court is empowered to allow for the amendment of a timely filed notice of appeal, pursuant to [former] App.R. 3(E), so that said notice may comply with [former] App.R. 3(C), we find no reason why a court of appeals cannot allow the amendment of a *timely* filed notice of appeal and certification so that there may be full compliance with [former] Crim.R. 12(J) and Juv.R. 22(F)."  (Emphasis sic.)  *Id.* The court observed that if it did not allow the amendment, "the substantial right of society to the diligent prosecution of those accused of crime * * * would be adversely affected."  *Id.*  The court held that "[w]here the state has timely filed a notice of appeal from the granting of a motion to suppress, but has failed to make a proper certification as required by Juv.R. 22(F), a court of appeals may, pursuant to [former] App.R. 3(E), allow the amendment of the timely filed notice of appeal and certification so that there may be full compliance with Juv.R. 22(F)."  *Id.* at syllabus.  The court overruled the defendant's motion to dismiss and granted the state's motion to amend the notice of appeal and certification.  *Id.* at 26.

**{¶11}** In *Moncrease*, the state appealed from an order granting a motion to suppress, and the Eighth District Court of Appeals observed "that the notice of appeal originally filed by the state did not include the certification required by [former] Crim.R.

12(J)." (Footnote omitted). *Moncrease* at \*1-2. "Three weeks after the original notice was filed, the state filed an amended notice of appeal, which included the [former] Rule 12(J) certification, but did not obtain prior leave to amend." *Id.* Citing *Buckingham*, the court acknowledged that the certification "is jurisdictional," but the court agreed "with the *Hester* court that the certification required by [former] Crim.R. 12(J) may be supplied by amendment." *Id.* at \*2-3. The court found that "Appellate Rule 3(F) \* \* \* suggests the timeliness of the notice of appeal is critical, but at least some of the contents of the notice can be corrected by amendment, with leave of court." *Id.* at \*2. The court found that "the certification is necessarily supplied after the judgment, not in it; the timing of the certification does not affect the timeliness of the appeal." *Id.* at \*3. The court concluded the defendants would "not be prejudiced  if the state is allowed to amend its notice to include the [former] Crim.R. 12(J) certification," granted the state leave to file an amended notice of appeal, and found it had jurisdiction over the appeal. *Id.*

{¶12} We do not find *Hester* and *Moncrease* persuasive. In *Hester*, it appears that the state timely filed a partial Juv.R. 22(F) certification because the defendant only argued that the state failed to make one of the two certification statements required by that rule. *See Hester*, 1 Ohio App.3d 24, 25, 437 N.E.2d 1218. Although we are not convinced that the state can complete a partial certification after the seven-day time limit in Crim.R. 12(K) or Juv.R. 22(F), we are not confronted with that issue here. In this case, the state did not timely file a certification containing either statement required by Crim.R. 12(K) within the seven-day time limit.

{¶13} In addition, the Eighth District Court of Appeals has criticized *Hester* and implicitly overruled *Moncrease*. *Wagner*, 8th Dist. Cuyahoga No. 81730, 2003-Ohio-

1358, ¶ 2-4. In *Wagner,* the city of Cleveland filed a timely notice of appeal from an order suppressing evidence but failed to timely file a Crim.R. 12(K) certification. *Id.* at ¶ 1. More than seven days after the date of the entry of the order, the city moved to amend its notice of appeal to include the certification. *Id.* at ¶ 2. The appellate court explained that "[a]lthough such amendments were allowed in *State v. Moncrease* and *In re Hester,* these opinions cannot be sustained under the syllabus of *State v. Buckingham* * * *." (Footnotes omitted.) *Id.* at ¶ 2. The appellate court stated:

> The syllabus in *Buckingham* states that this court has jurisdiction over this appeal "only where the state has complied with Crim.R. 12(J) [currently Crim.R. 12(K)]." *Buckingham* does not admit a distinction between timely notice and timely certification, but instead requires compliance with all provisions of the rule before jurisdiction is obtained.
>
> Furthermore, Crim.R. 12(K) states that the appeal "shall not be allowed unless the notice of appeal and the certification by the prosecuting attorney are filed with the clerk of the trial court within seven days after the date of the entry of the judgment or order granting the motion." Nothing in App.R. 3(F) can cause the certification to be "filed with the clerk of the trial court" within seven days where it was not so filed originally. Even if one believed that App.R. 3(A) could overcome Crim.R. 12(K), the requirement of filing the certification with the trial court leaves no doubt that it is an inseparable part of the notice of appeal under App.R. 3(A). Therefore, jurisdiction cannot be obtained without timely certification, and this court cannot allow amendment of a notice of appeal where subject matter jurisdiction is lacking in the first instance.

(Alteration in *Wagner.*) *Id.* at ¶ 3-4. Thus, the court dismissed the appeal. *Id.* at ¶ 1.

{¶14} We agree generally with the reasoning in *Wagner* and conclude that we lack jurisdiction to allow the state to amend its notice of appeal to include the Crim.R. 12(K) certification and to consider the merits of this appeal. Crim.R. 12(K) states that an appeal from an order suppressing evidence "shall not be allowed" unless the state files a notice of appeal *and* the required certification with the clerk of the trial court within the seven-day time limit. App.R. 3(F)(1) authorizes an appellate court to allow the amendment of a

notice of appeal "within its discretion" and "upon such terms as are just." But nothing in the rule "can cause the certification to be 'filed with the clerk of the trial court' within seven days where it was not so filed originally." *Wagner* at ¶ 4. If the state does not comply with Crim.R. 12(K), we lack jurisdiction to entertain the appeal. *See Buckingham,* 62 Ohio St.2d 14, 402 N.E.2d 536, at syllabus. And we cannot allow amendment of a notice of appeal where jurisdiction is lacking in the first instance. *Wagner* at ¶ 4.

{¶15} For the foregoing reasons, we dismiss the motion for leave to file an amended notice of appeal and dismiss the appeal for lack of jurisdiction.

MOTION DISMISSED. APPEAL DISMISSED.

## **JUDGMENT ENTRY**

It is ordered that the MOTION IS DISMISSED and the APPEAL IS DISMISSED. Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Abele, J.: Concur in Judgment and Opinion.

For the Court

BY: _____
      Michael D. Hess, Judge

## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**